## DAVIE DOWS and IRA B. CARY vs. WILLIAM GREEN and JOSEPH MATHER.

Where a suit was commenced by summons and complaint for an unjust detention of personal property, and the Plaintiffs demanded judgment for the *value thereof* only—and at the time of the service, papers were also served, as required by the code, (§ 181, &c.) for the *immediate delivery* of personal property. *Held*, that the class to which the action be-belonged by the 143d section of the code, must be determined by the relief demanded in the complaint, and consequently it would fall under the 2d, instead of the 6th class.

Where this defect in the prayer of the complaint was not discovered by either party until after an answer had been put in and all the proceedings provided as a substitute for the action of replevin had been gone through with—*held*, that it being in furtherance of justice, the court had power, under the 149th section of the code, to allow an amendment of the complaint by altering the prayer for relief contained therein, so as to claim the property itself and damages for its detention. Although the amendment would change the form of the action—or rather the class to which it belonged, it did not change the cause of action, in the sense in which the words are used in the 149th section. (*It will be seen that the decision in this case on the question of amendment is directly adverse to the decision on the same point in Spalding v. Spalding, ante, page 297.*)

*January,* 20, 1849.—On the 23d of August, 1848, Plaintiffs commenced their action, alleging in their complaint an unjust detention of property, and demanded judgment for the value thereof. The summons contained a notice that on failure to answer, the Plaintiffs would take judgment against the Defendants for $1333.80. Plaintiffs also served with the summons and complaint the papers required by the code on a claim for the *immediate delivery* of personal property pursuant to sections 181, *et seq.,* and the sheriff of Rensselaer county took the property from the Defendants' possession under those proceedings. Defendants required the return of the property, and complied with the requirements of the code to entitle them to such return by giving undertaking and paying sheriff's fees for taking, and expenses for keeping the property, which was thereupon returned to the Defendants.

Defendants now move that the undertaking on their part be surrendered to be cancelled, and that all proceedings for the immediate delivery of the property be set aside, and that Plaintiffs pay their disbursements under such proceedings.

G. L. WILSON, *for Defendants.*

R. W. PECKHAM, *for Plaintiffs.*

PARKER, Justice.—Both parties have acted throughout, in the conducting of this suit, under the impression that it was brought to recover the possession of personal property; and the Plaintiff's attorney, in

48

his affidavit, presented to resist this motion, swears that such was his intention and the object of the action.   The complaint, however, is not applicable to such an action; for although the facts set forth in it, if found to be true, would entitle the Plaintiff to either the possession of the property or compensation for its value, yet the only relief it asks is judgment for the value of the property.   The class to which the action belongs under § 143 of the code, must be determined by the prayer for relief, and by that test, this action belongs to the 2d and not to the 6th class.

Neither party seems to have discovered the defect in the prayer of the complaint, until an answer had been put in and all the proceedings provided as a substitute for the action of replevin had been gone through with ; and it will clearly be in furtherance of justice to allow an amendment of the complaint under the 149th section, if we have the power to do so, that the suit may proceed to judgment as an action for the recovery of personal property.

That section allows an amendment at any time, in furtherance of justice, and on such terms as may be proper " whenever the amendment shall not change substantially the cause of action or defence;" and the question to be determined is whether the permitting of the Plaintiff to alter the prayer of his complaint, so as to claim the property itself, and damages for its detention, instead of simply praying judgment for the value of the property, is " changing substantially the cause of action."

It is true it is changing the form of the action—or rather the class to which it belongs under the 143d section : but I cannot think it changes the cause of action.   The cause of action is made up of the facts which entitle the Plaintiff to relief.   The injury complained of is the cause of action, and I think such is the sense in which the words are used in the 149th section.

Any other construction would defeat a large class of amendments, that have heretofore been made under the former practice, and which it is frequently indispensable to make in furtherance of justice, and would be inconsistent with the 231st section, which provides that when no answer is put in, the relief granted to the Plaintiff cannot exceed that demanded in his complaint, but that in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.   Under this last section, the Plaintiffs would clearly be entitled to relief on the trial.

Under the Revised Statutes the discretion of the court in making amendments was not limited—2 R. S. 3d ed. 519, § 1—and under that section the court frequently allowed a change of the form of action.   (1 How.

Sp. T. R., 82; 2 ib., 43; 3 ib., 148.) It is not the policy of later legislation to restrict but rather to encourage amendments, so that every cause, if practicable, shall be decided on the merits: and to effect this, the form must always yield to the substance.

The facts which constitute the cause of action are correctly set forth in the complaint. Those facts, before the adoption of the code, would have sustained either *trover* or replevin in the *detinet*, and will now authorize a recovery either of the possession of the property itself or its value. The prayer for relief alone is defective.

I think it was not the intention of the legislature to say that the form of action should not be changed by amendment. But the object of the restriction must have been, to prevent an amendment, which would substitute an entirely new and different cause of action. As in an action for taking away the Plaintiffs' horse, an amendment ought not to be permitted which would substitute a claim for taking a different kind of property at a different time and place. One controversy cannot be substituted for another by an amendment.

The substantial cause of action must thus remain unchanged, but the forms made use of to obtain relief may be altered; and even on the trial, the pleadings may be made to conform to the proof, when the variance has not misled the party in maintaining his action or defence upon the merits. (§§ 145, 146.)

I am therefore compelled, though with great reluctance, to differ in my construction of the last clause of the 149th section from the learned justice who delivered the opinion in *Spalding* v. *Spalding*, 3 How. Sp. T. R. 297.

The motion must be granted, unless within ten days after service of notice of this decision, the Plaintiffs amend their complaint, which they are hereby authorized to do. I do not see how the amendment allowed will make it necessary to put in a further answer, and will not therefore provide for paying costs of the amended answer, but the Defendants are at liberty to answer further if they shall be so advised.