MARTIN H. LEVIN, Respondent, *v.* STEPHEN P. RUSSELL, Appellant.

The public administrator of the city of New York is liable personally, for the taking or detention of personal property from the possession of a mortgagee thereof, where such mortgagee had obtained possession of the property, on default in payment of his mortgage, during the lifetime of the mortgagor, although such public administrator acted in his official capacity and in good faith, and on the belief that the property belonged to the intestate mortgagor at the time of his death.

He has the same right as a private administrator of a mortgagor to avoid the mortgage by showing it fraudulent, as against creditors, but the mortgagee's omission to file a statement exhibiting the interest of the mortgagee in the property, as required by statute, will not have that effect, where the mortgagee had taken possession, under his mortgage, during the life of the intestate, and before the lien of any other creditor had attached.

A motion to strike out improper testimony, such as evidence given by the plaintiff of transactions between himself and a deceased party, of whom the defendant is the representative, though such a motion specifies the true ground of incompetency of the evidence, is properly denied, when none but a general objection to such testimony assigning no ground therefor was made, when the testimony was given.

(Argued January 13th, 1870; decided March 24th, 1870.)

APPEAL from a judgment entered upon the decision of the Supreme Court at General Term in the first district, affirming a judgment entered upon the report of a referee.

Louis Pfeiffer, the intestate, made and delivered to the plaintiff, his two promissory notes dated the same day, payable on demand to the order of the plaintiff, for the sum of $2,401,74, and $1,063.46, respectively. A few days after-

ward Pfeiffer gave to the plaintiff a chattel mortgage upon a large number of oil paintings with their frames, &c., which mortgage was by its terms given to secure, and conditioned for the payment of the two notes, and was, on the day of its execution, filed in the register's office.

Pfeiffer subsequently became insane, and died in an asylum for lunatics, where he had been placed by the plaintiff. He left no widow or next of kin in this country.

When Pfeiffer became insane, the plaintiff took possession of the mortgaged property, and continued in possession thereof, until about two months after the death of Pfeiffer, when he placed it in the hands of an auctioneer for the purpose of selling and foreclosing his mortgage. It appeared by the plaintiff's testimony, that he had demanded payment of the notes before Pfeiffer had become insane, and they were not paid.

There were judgments recovered against Pfeiffer in his lifetime, but after the plaintiff had taken possession of this property, recovered upon notes, the original consideration of which was sales to him of a portion of the same pictures subsequently mortgaged to the plaintiff under an agreement to repay out of the proceeds of the sale thereof, of which fact the plaintiff had knowledge before his mortgage was given.

The defendant was public administrator of the city of New York, and, as such, at the request of the judgment creditors of the intestate, took possession of the paintings a few days before the time of sale, as advertised.

The plaintiff demanded the property of the defendant, who refused to deliver it to him, and the plaintiff then brought this action for the recovery of possession of the property, with damages for the detention. The complaint alleges that the defendant has become possessed of, and wrongfully detains, the property in question.

After this action was commenced, the defendant was appointed administrator of the estate of Pfeiffer by the surrogate of the county of New York

There was conflicting evidence as to the identity of the pictures taken by defendant, with those specified in the mortgage, and as to the validity of the debt secured by it, but upon these questions the referee found in favor of the plaintiff.

There was evidence tending to show that the plaintiff did not take possession of the property until Pfeiffer had become insane. The finding on the commission of lunacy was, that he had been a lunatic "since before April 10." And the referee found that possession was taken of a portion on the last of March, and the residue about the first of April.

More than a year expired after the filing of the plaintiff's mortgage, before he took possession, and no statement exhibiting the interest claimed by him was filed.

It appeared in evidence that Pfeiffer had continued in possession of the property, offered it for sale, and sold portions of it, after the mortgage was given, with the knowledge of the plaintiff.

The referee, Gilbert M. Spier, Esq., reported in favor of the plaintiff as to the good faith of the mortgage, and the identity of the property claimed, and found that the defendant wrongfully took from the plaintiff's possession and detained the paintings, and the plaintiff was entitled to judgment for recovery of the possession with damages.

The defendant appealed from the judgment entered upon this report to the General Term, where it was affirmed; and the defendant appealed to this court.

*Samuel Hand* (*Charles L. Spielthorn* with him), for the appellant.

*Hooper C. Van Vorst*, for the respondent, on the point that the omission to refile the mortgage did not affect the plaintiff's rights, cited *Sanger* v. *Eastwood* (19 Wend., 514); *Gregory* v. *Thomas* (20 Wend., 17); *Hall* v. *Beebe* (3 Kern., 556); *Swift* v. *Hart* (12 Barb., 531); *Westcott* v. *Gunn* (4 Duer, 107); *Smith* v. *Acker* (23 Wend., 624, 670); *Frisbe* v. *Thayer* (2£

Wend., 398); *Thompson* v. *Van Vechten* (27 N. Y., 582); *Lane* v. *Lutz* (1 Keyes, 203); *Dillingham* v. *Ladue* (35 Barb., 38); *Much* v. *Patchin* (14 N. Y., 71); *Gardner* v. *Smith* (29 Barb., 75); *Van Heusen & Charles* v. *Radcliff* (17 N. Y., 580). That the defendant had no right to take the property as public administrator, he cited *Nash* v. *The Mayor* (4 Sandf., 1); *Matthews* v. *The Mayor* (1 Sandf., 132, 136).

GROVER, J. The counsel for the appellant insists that the defendant having taken the property as public administrator of the city of New York in good faith, believing that it was the property of the intestate at the time of his death, no action will lie personally against him therefor, although the property was the plaintiff's, and not that of the intestate. In this the counsel is mistaken. Section 3 of the act (2d Statutes at large, 123) prescribing the powers and duties of the public administrator, in this respect only authorizes him to take the goods of the intestate. Section 42, page 131, making the corporation of the city liable for the application of all moneys received by the public administrator, according to law, and for the due and faithful execution of all the duties of office, confers no power upon him to seize and detain the goods of others in which the deceased had no interest. It follows that, if the goods in question were, as claimed, the property of the plaintiff, the action for detaining them from him was well brought against the defendant personally. The complaint contains all the allegations necessary to maintain the action. It alleges that the defendant had become possessed of and wrongfully withheld from the plaintiff the following goods, &c., describing them, and concludes with a demand of judgment for their delivery to the plaintiff, and for damages for their detention. The judgment rendered is in accordance with the complaint. It is further insisted by the counsel for the appellant that the complaint charging an unlawful detention only, the action cannot be maintained upon proof of an unlawful taking. However this may be, the question does not arise in the present case. There was proof given tending

to show a demand of the property by the plaintiff of the defendant after the taking and before the commencement of the action and a refusal to deliver the same. The referee has found that such demand and refusal was made. The counsel for the appellant also insists that there was no evidence showing that the property recovered was the same as that mortgaged by the intestate to the plaintiff. In this the counsel is mistaken. The testimony of the plaintiff, corroborated by other witnesses, was sufficient to warrant the finding of the identity of the property in suit with that mortgaged by the intestate to the plaintiff. The defendant having shown that he acted as public administrator in taking the property, and that subsequently he was appointed administrator of the mortgagor, had the right to show that the mortgage was fraudulent as against the creditors of the mortgagor (chap. 314, sec. 122, Laws of 1858). The evidence tended to show, and the referee has found that the mortgage was given in good faith for the purpose of securing the payment of a debt owing by the intestate to the plaintiff. There was evidence given in support of this finding. These facts must, therefore, be assumed as true by this court. This is an answer to this branch of the defence. The omission of the plaintiff to file a statement of his interest in the property, the mortgage, as required by statute, to preserve his lien against the creditors of the mortgagor, was obviated by the proof showing that the plaintiff took possession of the property by virtue of his mortgage in the lifetime of the intestate and before any lien of any creditor had attached, and that he retained such possession until the property was taken from him by the defendant. The testimony of the plaintiff as to the transactions between him and the intestate was not competent evidence against the defendant, and had such testimony been properly objected and excepted to, its admission would have been erroneous; but there was no ground assigned for the objection. It is the well settled law that objections to testimony without assigning any ground therefor will be disregarded, unless it clearly appears that the objection, if properly made,

would have been decisive of the case,. and could not have been obviated. It does not so appear in the present case. After the plaintiff had been examined and cross-examined by the appellant in regard to such transactions, the counsel for the appellant moved to strike out the testimony. This motion was denied by the referee, to which an exception was taken. It is entirely clear that a party who has sat by during the reception of incompetent evidence without properly objecting thereto, and thus taken his chance of advantage to be derived by him therefrom, has not, when he finds such evidence prejudicial to him, a legal right to require the same to be stricken out. The denial of the motion was not, therefore, any ground of exception. I have examined the other exceptions to the rulings of the referee upon the competency of evidence and think none of them well taken. The judgment appealed from must be affirmed with costs.

SMITH, J., also read an opinion for affirmance.

All concur except SUTHERLAND, J., who did not vote

Judgment affirmed.