By the Court.—Curtis, Ch. J.
—The plaintiff, a theatrical manager, sues the defendant, the editor of a weekly publication, called The New YorJc Dramatic News, to recover damages for publishing two articles, charging him with committing a fraud by producing a play, and claiming to be the author of it, when in fact it was written by another person, and sent to him for examination, and wrongfully retained by him, and produced as his own.
The answer is a general denial, except as to the publication of the first article. It also presents, as pleas in mitigation of damages, that one Wheeler had so informed the defendant, and that the publication was without malice, and that plaintiff’s character as a dramatic author was bad, and that he plagiarized from the productions of other people ; also that the play in question was plagiarized without material change from Miss Florence Maryatt’s novel, “Her Lord and Master also that he was willing to publish any statement the defendant chose to make, with the same publicity that he had given to the alleged libel.
The plaintiff offered in evidence as proof of malice four articles, subsequently published in The Dramatic News. To three of these, the defendant simply objected, assigning no ground of exception, and excepted to the ruling of the court. To the other article, being the first offered, the defendant objected to plaintiff’s putting in evidence, subsequent articles to those in the complaint, unless the plaintiffs would allow the entire matter contained in The Dramatic News, relating to the plaintiff, to go in evidence. The defendant now claims that the court erred in admitting these articles, because malice being already *271 conclusively presumed, their only effect was to enhance damages, for which no subsequent publication could be used, and further, that the articles being per se libelous, that to admit them in this action is to render the defendant liable to double punishment, as the same articles may be the basis of another action.
It was but just to the judge before whom the trial was being conducted, that these grounds of objection should have been stated to him, so that his attention would have been specifically directed to the reasons for the defendant’s objections. If the defendant elected not to pursue this course, when he made these objections at the trial, where there was an opportunity of meeting them, or obviating them, he is too late in first assigning his grounds^ before the appellate court (Levin v. Russel, 42 N. Y. 255; Chester v. Dickerson, 54 Id. 13).
The defendant excepts to the rulings of the court, sustaining the objections of the plaintiff to the questions addressed to the defendant, asking him if he can state the differences between the plot of “Pique” the play, and the plot of the novel “Her Lord and Master,” and if there is any difference, except in names, between the characters in the two, and if the situations and incidents are not substantially the same.
This evidence sought to be introduced was immaterial. The plaintiff had a right to dramatize the novel, and such dramatization became his property, though there appeared in it substantial similarity in plot, situations and incidents, to the novel.
If the defendant had been competent, and had given testimony to this effect, it would not have established anything either relevant to the issue or in mitigation of damages, and it was properly excluded.
The defendant offered in evidence a statement, published in The Dramatie News, after the commencement of this action. If the statement had been a *272 withdrawal of the charges made, and had been intended as some reparation for the injury done, it would have been admissible in mitigation of damages. But the statement discloses no such intention on the part of the defendant, and the exclusion of it by the court is in accordance with the views expressed by Ch. J. Nelson in Hotchkiss v. Oliphant (2 Hill, 516). In sustaining the objection of the plaintiff’s counsel, the judge said, in the presence of the jury : - “I could not admit that article in evidence. The idea that a man can one day blackmail another man in that way, and . another day turn round and make another statement, wall never do.” The defendant excepted to this remark, and claims that it is to be considered as a charge to the jury, or as improper influence exerted upon them during the trial of a cause. It is clearly no part of a charge to the jury, and appears to have been called out by something stated by counsel, but which is not contained in the printed case. There is nothing in the pleadings to which the term “blackmailing” is relevant, and it may have referred to some hypothetical statement made by counsel. If the defendant was prejudiced by this observation of the court in sustaining the objection after a discussion between counsel, the case should disclose in what way, or in what connection it was called forth, so that the appellate court can- see wherein, if at all, he was injured by its utterance in the presence of the jury. In determining what is admissible as evidence, both the. court and counsel, in their consideration and discussion of questions, are uncontrolled by the presence of the jury, who are in no respect parties to the matter. The defendant, perhaps, with greater reason could complain that the reading of the not very mild language of Ch. J. Nelson, in the analogous case above cited, if it had been done at the time, exerted an improper influence upon the jury. In the charge that was made to the *273 jury, there is nothing in this behalf stated unfairly by the court, or objected to by the defendant. To select a remark by the court to counsel, in the course of passing upon a question as to the admissibility of evidence ; and then, without connecting it with the issue, but in its isolated form, to claim that there may be a surmise based upon it that influenced the jury, is an insufficient reason for granting a new trial.
The defendant excepted to another remark of the court which was made during the progress of the trial, not only in the presence, as in the preceding instance, but in the hearing of the jury. The plaintiff’s counsel stated that he had sent for witnesses on the question of the plaintiff’s character, to which the court replied, “ So far as regards the last witness on the subject of character, you need not give yourself any trouble about it.”
What has been said in the preceding paragraph applies, to some extent, to this. This remark was addressed to counsel, and is claimed by the defendant to be equivalent to directing the jury to disregard the testimony of this witness. The case shows that the memory of the witness referred to failed so much on his cross-examination, that what was said to the counsel by the court in reply, must have been quite apparent to the jury, whether they heard this conversation or not. The charge in respect to this witness was of a character to prevent any injury from the remark, and in this respect appears not to have been excepted to by the defendant.
There is no valid exception to the charge. The court charged all the defendant’s requests but one, and when the court declined to charge that, no exception was then taken. At the close of the defendant’s requests to charge, which were some ten in number, and after his exceptions to the charge, the defendant stated: “I also except to your Honor’s refusal to *274 charge our requests.” It is said by Allen, J., in Ayrault v. Pacific Bank (47 N. Y. 476), that the court of appeals had uniformly held that exceptions in this form present no question for review.
The question whether the damages given are not excessive, is one that is not easily determined. But after such consideration as I have been able to give it, and in view of the fact that the publications were in a theatrical journal, circulating especially among those upon whom the plaintiff relied for his reputation and his business, and were of a character to injure him among them, I cannot say that the jury, after a full hearing of the testimony, were not the best judges of the amount of damages that should have been awarded to the plaintiff, or that they transcended the limits of a proper discretion in their verdict. The publications complained of by the plaintiff exceed the limits of just criticism. To be wrongfully held up to the public as the perpetrator of a literary fraud, and as wrong - fully retaining and using the production of another, is a grave accusation. The wrong and the injustice are not easily measured pecuniarily. Nor can it be entirely overlooked, that where the courts fail to afford adequate redress, the public peace is liable-to be disturbed by the acts of the sufferer, seeking violently to redress his wrongs.
The judgment and orders appealed from should be affirmed, with costs.
Sanford and Freedman, JJ., concurred.