JOHN CREQUE, APPELLANT, *v.* DEMETRIUS SEARS, MYRON SHERWOOD AND HERMON CAMP, RESPONDENTS.

*When a party is estopped from asserting title to land — Necessity of pleading an estoppel.*

Defendant Camp being about to purchase certain land, and hearing that there was a dispute as to the boundary line between the then owner and plaintiff who owned the adjoining lot, applied to the latter, and stated that he would not purchase unless the dispute could be settled; that he would not purchase a quarrel. Plaintiff said if he purchased the lot and claimed to a certain wall,

there would be no difficulty. The purchase was made and each party occupied up to the wall, and made improvements on their respective lots.

*Held,* that the plaintiff was estopped from claiming that any of the land on the defendant's side of the wall belonged to him.

Admissibility of evidence, under a general denial in an action of ejectment, to show that plaintiff is estopped from claiming possession of the land in question, considered.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*John A. Williams* and *J. McGuire,* for the appellant.

*F. M. Finch,* for the respondents.

LEARNED, P. J. :

This contest arises over the title, or right of possession, to a small triangular piece of land. By the findings of the referee the legal title is in the plaintiff. But he finds that the plaintiff is estopped from asserting his legal title, by reasons of his acts and declarations to defendant Camp. The evidence is sufficient to sustain such findings. Camp contemplated the purchase of a lot of Trumbly. He knew that there was a controversy or dispute, between Trumbly and Creque about the line between their lots. He went to Creque and said he would buy, if the dispute could be settled, otherwise not; that he would not purchase a quarrel. Creque replied : " If he (Camp) bought the Trumbly lot and claimed up to the office wall there would be no difficulty between them." Relying upon that Camp bought the Trumbly lot, and has since occupied up to that wall. He would not have made the purchase but for that. He took his deed in 1864. Creque and Camp afterwards made improvements on their respective lots, both stopping at the division line indicated by the office wall. The land in controversy is included in that which Camp has occupied since 1864.

These facts constitute an estoppel *in pais.* (*Wendell* v. *Van Rensselaer,* 1 John. Ch., 344; *Storrs* v. *Barker,* 6 id., 166; *Tilton* v. *Nelson,* 27 Barb., 595.)

The language of Creque conveyed to Camp the assurance that he, Creque, did not claim to own beyond the office wall. Camp

so understood it, because he bought on the faith of such understanding. Creque so intended to be understood, because his subsequent acts and improvements are consistent with the fact and inconsistent with his present claim. He does not deny the evidence of Camp. It is thus conceded to be true.

It is quite possible, under the authorities cited by the respondents' counsel, the referee might have held that this was a practical location of a disputed boundary line between the parties, by which both parties are bound. But the referee has not put his decision upon such ground, and it is not necessary to consider it.

No objection was made, or exception taken, to the evidence of the declarations of plaintiff to Camp ; nor was any valid or effectual exception taken to the evidence of his father touching his declarations. Hence the motion to strike out such evidence was properly denied. (*Levin* v. *Russell*, 42 N. Y., 251.)

The evidence having been received without objection by the plaintiff, it does not become necessary to decide whether it was admissible under the general denial. The case of *Raynor* v. *Timerson* (46 Barb., 518, 525) would indicate that such evidence was admissible under a general denial. Ejectment is an action to test the right to possession. This is therefore of the essence of the action. A denial of such right is a denial of a fact essential to plaintiff's recovery, and hence any evidence that may show that he never had a right of recovery against the defendant is admissible under a general denial.

Such is the argument. The subject is not free from doubt. But, waiving that, we think the referee's finding of fact are sustained by the evidence, and that the conclusion of law justly follows therefrom. There was no error in the admission of testimony or in the rulings upon the trial. Hence we conclude the judgment should be affirmed, with costs.

Present — LEARNED, P. J. and BOCKES, J. ; BOARDMAN, J., taking no part.

Judgment affirmed, with costs.