AUGUSTIN DALY, Respondent, *v.* CHARLES A. BYRNE, Appellant.

In an action for slander or libel, evidence of the repetition by defendant of the slanderous or libelous matter, after the commencement of the action, is incompetent. But error in the reception of such evidence cannot be based upon a general objection thereto. The specific objection should be made presenting the fact upon which the rule is based, *i. e.*, that the repetition was after the action was begun.

Defendant published two articles accusing plaintiff of producing a play and claiming to be the author, when. in fact, it was written by another person, sent to plaintiff for examination, wrongfully retained by him, and subsequently so produced as his own. In an action for libel, plaintiff, to prove malice, introduced in evidence other articles repeating the charge substantially, and also alleging that it was taken bodily from a certain published novel. The defendant thereupon offered to show that the play was like the novel referred to. This evidence was rejected. *Held,* no error ; as the resemblance of the play to the novel was not an issue in the case.

Defendant's answer alleged the receipt by him of a letter from plaintiff's attorneys, and gave what purported to be a copy thereof; it referred to an article published in "The World" newspaper. Defendant, as a witness, testified that he had read the article referred to. The article was offered by plaintiff, and received in evidence. *Held,* no error; as the article was by the terms of the letter made part of it.

In one of the articles published by defendant and offered in evidence by plaintiff, reference was made to a prior article published by defendant; this was offered in evidence by the latter, and rejected. *Held,* no error; it not appearing that there was anything in the article received in evidence which needed explanation from the prior one.

The remarks of the court addressed to counsel on the rejection of evidence, or as to the need of delaying the trial to send for witnesses, are not the subjects of exception.

*It seems,* that if the remarks of the court are so adverse to one of the parties as to call for the interference of a court of review, on the ground that the verdict has been improperly influenced, the mode of review is not by exception, but the question should be brought up on motion to set aside the verdict.

(Argued April 11, 1879; decided April 25, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 11 J. S., 261.)

The action was for libel.

The complaint alleged, in substance, that plaintiff was a theatrical manager and the author of various plays and dramatic works; that in December, 1875, he caused to be performed in his theatre a play called "Pique," which was announced as having been composed and written by him; that defendant thereupon caused to be published in the "New York Dramatic News," a newspaper of which he was the editor and publisher, two articles which were set forth in separate counts, and which, in substance, charged that plaintiff was not the author of the play, but that it was written by a lady some four years before, the name given it by her being "Flirtation"; that the authoress sent it to plaintiff for examination, who wrongfully retained and had now produced it, with some few immaterial variations, as his own, without any arrangement with or payment to the owner.

The publication of the articles was admitted in the answer.

The answer also set up, among other things, that after the publication of the first article plaintiff's attorneys addressed to defendant a letter, a copy of which was annexed, which in substance stated that the article was untrue and libelous, and had been denied by the lady referred to, as appeared by a letter published by her in "The World" of December 25th, to which defendant was referred, and defendant was called upon to apologize.

Upon the trial plaintiff offered in evidence, for the purpose of showing malice, several other articles published in defendant's paper. These were objected to and received under objection and exception. The objection to the first of these articles is stated as follows : "Defendant's counsel objects to plaintiff putting in evidence subsequent articles to those in the complaint, unless plaintiff will allow the entire matter contained in the 'Dramatic News' relating to Mr. Daly to go into evidence."

In the articles so offered in evidence, after reiterating that plaintiff was not the author of "Pique," it was charged, in substance, that the play was taken bodily from a published novel "Her Lord and Master." Various questions were asked defendant as a witness on the trial to show that the play was like the novel ; these were objected to by plaintiff's counsel and objection sustained, to which defendant's counsel duly excepted.

After defendant had testified that he read the letter published in the "World," referred to in the letter of plaintiff's counsel, the latter offered the published letter in evidence ; this was objected to, objection overruled and exception taken.

In one of the articles so offered in evidence by plaintiff a reference was made to an article in the preceding number of defendant's paper. Defendant offered said article in evidence. This was objected to, objection sustained and exception taken. In sustaining the objection the court said : "I could not admit that article in evidence. The idea that a man can one day blackmail another man in that way and another day

turn around and make another statement will never do." To this remark defendant's counsel excepted.

Defendant called several witnesses as to plaintiff's general character. After defendant rested plaintiff's counsel stated that he had sent for witnesses on the question of character, to which the court replied : " So far as regards the last witness on the subject of character you need not give yourself any trouble about it." To this remark defendant's counsel excepted.

*Louis F. Post,* for appellant. The admission of subsequently published libels to enhance damages was error. (Townshend on Slander and L. [3d ed.], § 176, p. 33, *n.* 1; *Daly* v. *Byrne,* 1 Abb. [N. C.], 15 *n.* ; *Burson* v. *Edwards,* 1 Carter [Ind.], 164; *Forbes* v. *Meyer,* 8 Blackf. [Ind.], 74; *Mix* v. *Woodward,* 12 Conn., 292, 293; *Frazier* v. *McCloskey,* 60 N. Y., 337; *Root* v. *Lowndes,* 6 Hill, 518; *Titus* v. *Sumner,* 44 N. Y., 266; *Runkle* v. *Butler,* 7 Barb., 260; *Campbell* v. *Butts,* 3 N. Y., 173.) The grounds of objection were sufficiently stated. (*Larned* v. *Hudson,* 57 N. Y., 151; *Mabbett* v. *White,* 12 id., 451; *Jackson* v. *Christman,* 14 Wend., 284; *Merritt* v. *Seaman,* 6 N. Y., 171; *Ogden* v. *Rollo,* 13 Abb. Pr., 299; *Chester* v. *Dickerson,* 54 N. Y., 13.) The language used by the judge in reference to the defendant and one of his witnesses was improper and entitled defendant to a new trial. (*Robertson* v. *Bennett,* 12 J. & S., 69; *Edsall* v. *Brooks,* 17 Abb. Pr., 221; *Caldwell* v. *Steamboat Co.,* 47 N. Y., 298; *Thurman* v. *Chapman,* 45 Barb., 98; *Green* v. *Selfair,* 14 How. Pr., 260; *Cilley* v. *Bartlett,* 19 N. H., 324; *State* v. *Hascall,* 6 id., 352; *Perkins* v. *Knight,* 2 id., 474; *Coster* v. *Merest,* 3 Brod. & Bing., 272; *Knight* v. *Freeport,* 13 Mass., 218; *Brown* v. *Swimford,* N. Y. Daily Reg., 588; *Vedder* v. *Fellows,* 20 N. Y., 126; *Burke* v. *Maxwell,* 16 Alb. L. J., 209.) If error was committed the presumption is that defendant was injured thereby. (*Green* v. *White,* 37 N. Y., 405.)

*Stephen H. Olin,* for respondent. The question whether the play resembled the novel was wholly immaterial. (Town-

shend on Libel [3d ed.], 679; *Fitzgerald* v. *Stewart*, 53 Penn.,
343; *Fountain* v. *West*, 23 Iowa, 9; *Andrews* v. *Vandeuser*,
11 J. R., 38; *Lamos* v. *Snell*, 6 N. H., 413.) The objec-
tion to the evidence being general will be disregarded.
(*Valton* v. *The Nat. Fund L. Ascur Co.*, 20 N. Y., 35;
*Chubb* v. *Westley*, 6 C. & P., 436; *Shaw* v. *Smith*, 3 Keyes,
317; *McDonald* v. *North*, 47 Barb., 532; *Pearson* v. *Le
Martin*, 1 Scott [N. C.], 607; *Requa* v. *Holmes*, 16 N. Y.,
201; *Chester* v. *Dickerson*, 54 id., 13; *Levin* v. *Russell*, 42
id., 225; *Barnwell* v. *Adkins*, 1 Mr. & Gr., 807; *Wooster* v.
*Sage*, 67 id., 67; *Tooley* v. *Bacon*, 70 id., 37; *Distin* v.
*Rose*, 69 id., 122; *Frazier* v. *McCloskey*, 60 id., 337; *Bis-
sell* v. *Elmore*, 48 id., 564; *Thorne* v. *Knapp*, 42 id., 478;
*Thomas* v. *Croswell*, 7 J. R., 269; Folkard on Libel and
Slander, 459; *Barnett* v. *Levy*, 3 N. L., 395, 414.) The
reputation of a witness is presumed to be good until
attacked. (*Jackson* v. *Etz*, 5 Cow., 314; *Frost* v. *McCar-
gar*, 29 Barb., 617; *Hannah* v. *McKellep*, 49 id., 342; *Peo-
ple* v. *Gray*, 7 N. Y., 378; *Hart* v. *Hoffman*, 44 How. Pr,.
168.) A witness cannot be permitted to state the resem-
blance between two writings, neither of which is in evidence
and both of which are within reach of subpœna. (*Reade*
v. *Sweetzer*, 6 Abb. Pr. [N. S.], 9; *Foole* v. *Young*, Coryton
on Stage Right, 84; *Strauss* v. *Francis*, 4 Fost & F., 939,
1107; *Hotchkiss* v. *Germania Ins. Co.*, 5 Hun, 90; *De Witt*
v. *Barly*, 17 N. Y., 342; *Daly* v. *Munro*, N. Y. S. T., 1876;
*Reade* v. *Conquest*, 11 C. B. [N. S.], 479; *Boucicault* v.
*Fox*, 5 Blatch., 87.) Mere criticism of a literary work is not
libelous and the charge of imitation of a novel is criticism.
(*Dolevin* v. *Wilder*, 34 How. Pr., 488.) Proof of a fact not
in itself improper could not be offered to show the bad char-
acter of plaintiff, if his character was to be attacked it must be
his general character as a whole. (Townshend on Sland. and
Libel [3d ed.], 679, § 407; *Inman* v. *Foster*, 8 Wend., 602;
*Kennedy* v. *Gifford*, 19 id., 296; *Mapes* v. *Weeks*, 4 id., 659;
*Watson* v. *Bush*, 5 Cow., 499; *Fitzgerald* v. *Stewart*, 53 Penn.,
343; *Fountain* v. *West*, 23 Iowa, 9; *Andrews* v. *Van Deuzer*, 11

J. R., 38; 1 Greenl. on Ev., § 55; *Samos* v. *Snell*, 6 N. H., 413.) The remarks of the judge as to the defendant and one of his witnesses were not the subject of exception. (*Caldwell* v. *N. J. Steamboat Co.*, 47 N. Y., 298; *Ginna* v. *Second Ave. R. R. Co.*, 67 id., 596; *Hoffman* v. *Ætna Ins. Co.*, 1 Rob., 501; *People* v. *Haynes*, 11 Wend., 561; *Nolton* v. *Moses*, 3 Barb., 34; *Gardner* v. *Barden*, 34 N. Y., 436; *Van Vechlin* v. *Griffiths*, 1 Keyes, 107; *Bissell* v. *N. Y. C. R. R. Co*, 29 Barb., 610.)

FOLGER, J. It is error, upon the trial of an action for slander or libel, to receive in evidence, when properly objected to, testimony that the defendant has repeated the slanderous or libelous matter, at a time after the commencement of the action : (*Frazier* v. *McCloskey*, 60 N. Y., 337; *Distin* v. *Rose*, 69 id., 122.)

When such matter was offered in evidence in the trial court, in the case in hand, the defendant objected. He did not state, as the ground of his objection, the legal rule on which the cases above cited were decided  The objection made by him did not refer to that rule as the basis of his objection. It did speak of the articles as subsequent to those in the complaint ; but it did not speak of them as subsequent to the commencement of the action, nor present that idea to the court or to opposing counsel. To bring them within the rule, they should be subsequent to the bringing of the action ; and to present the rule to the court, as the ground of objection, that fact and its application should have been brought out : *Distin* v. *Rose, supra.* The most favorable view of the objection for the defendant, is, that it was a general objection. It is a general rule, that objections to testimony, that assign no ground therefor, will be disregarded, unless it clearly appears that the objection, if properly made, would have been decisive of the case, and could not have been obviated : (*Levin* v. *Russell*, 42 N. Y., 251). The rule is based upon the sound notion, that the party should let it be known to the court, and to the other side,

what are the real grounds of objection.   The other party may then choose to yield to the soundness of them, and to withhold the testimony; or the court, having its attention drawn to the true point, may keep it out of the case: (*Fountain* v. *Pettee*, 38 N. Y., 184–186).   The rule as stated in *Levin* v. *Russell*, *supra*, has been, perhaps, a little narrowed in *Tooley* v. *Bacon*, (70 N. Y., 34,) by adding to it "or unless the evidence in its essential nature be incompetent."   Now, evidence, in the legal force of the word, is the means by which any alleged matter of fact, the truth of which is submitted for investigation, is established or disproved : (1 Greenl. on Ev., chap. 1, § 1).   A matter of fact to be established in the case in hand, was the malice of the defendant.   Anything which would tend to do that, was, in its essential nature, competent therefor.   It would tend to show malice, to prove that libelous publications of the same nature were repeated from time to time, after the first libel.   Such articles, published after the commencement of the action, were not incompetent, because of their essential nature, but because of a factitious and incidental consequence that might flow from the reception of them in evidence ; to wit, that they might aggravate the damages found by the jury in this action, while they also, in themselves, gave to the plaintiff the right to another action in which he might get damages again, by reason of the publication of them.   It was to guard against such a consequence that the rule was set up.

The fact to be proven was the malice of the defendant. The means which the plaintiff took to make the proof were the reiterations of the same libel.   The fact was proper to be put before the jury.   The subsequent libels, having been made after the commencement of the action, were not, by reason of an absolute rule of law, a competent means of proving that fact.   But it might have been proven by other means, had these been rejected ; or the plaintiff might have seen fit to rely upon the other proofs already in the case. Hence, as the objection, as now stated, was one to the means,

and could have been obviated, the grounds of it should have been declared with more particularity.

In so far as the objection was not general, it strayed away from the real grounds on which it could have been maintained, and upon which the exception is now put. By speaking of the articles as being subsequent to those in the complaint, it did not sharply draw the mind of the court to the fact that they were after the commencement of the action ; and by the phrase which seemed a qualification of the objection and to offer a withdrawal of it, if the entire matter contained in the Dramatic News relating to the plaintiff were to go in evidence, it still more wandered from the ground on which the exception is now urged, and tended to raise the notion of the whole of a declaration being admissible, if a part of it is taken. And it seems that the court did put another interpretation upon the objection than that now given to it by the defendant ; for the court remarked that the proof, (of malice), should have reference to the charges upon which the plaintiff relied to sustain his action. The court would seem to have had in mind the rule, that the declarations proven, must be a repetition of words imputing the same charge : (*Distin* v. *Rose, supra* )

In either view, the objection did not present the ground now taken ; nor does it fall within any exception to the rule that forbids force to a general objection.

It was not error to reject testimony to show that the play of " *Pique* " was like the published novel " *Her Lord and Master.* " That was not an issue in the case, direct or collateral. The gist of the libel was not the allegations in it of a likeness of the play to the novel ; it was the assertion of the conduct of the plaintiff in reference to the manuscript play of " *Flirtation.* " Though the plaintiff gave in evidence two articles published by defendant, in which mention was made of the play and of the novel, it was not for the purpose of founding upon that mention, or calling the attention of the jurors thereto as libelous. Those parts of those articles came in, because not separable from the other parts,

not because they were to be used by the plaintiff in the furtherance of his case.

The court did not err in admitting in evidence the article from the New York World newspaper. It was proper to show the communication of the plaintiff, through his attorneys, to the defendant; and as by the reference in that communication to that article, the latter was made a part of the former, the same as if copied into it, it was clearly proper that the article should be read in evidence, so as to give the full idea to the jury of what had passed between the parties. The appellant's brief says that the letter from the attorneys of plaintiff to defendant was not put in evidence. When the defendant was on the witness stand, he was asked as to that letter and as to that article, and answered that he had read that article. The answer of the defendant in the pleadings avers that there was a letter sent by them to him, and gives what purports to be a copy of it, in which is the reference to the article in the World.

It was not error to reject from the testimony the article from the 24th number of the Dramatic News. *Hotchkiss* v· *Oliphant*, (2 Hill, 510), is a sufficient authority for the holding, on general principles. The particular reason now urged for offering the article in evidence does not apply. There was nothing in the article from the 25th number which needed explanation from that of the week before.

We do not think that the remarks of the court, addressed to counsel, on the rejection from evidence of an article offered, and as to the witness Hallam, are the subject of an exception. As to the first, what was said was as a reason for the holding upon the offer. As to the second, it was the expression of the opinion of the court of the need of delaying the trial to send for witnesses upon a certain issue. They were both matter passing between the judge and counsel. They were not instructions to the jury, nor meant for their ear. A court must have some liberty of expression in the conduct of a trial, and the privilege of giving a reason for any holding that it may adopt. We will not say that a court might not go so

far, in the utterance of matter applicable to the case, and be so gross in comment adverse to a party, as that a court of review would not be called upon to interfere with the result, on the ground that the verdict had been improperly influenced. But then the mode of review would not be by exception : (*Caldwell* v. *Steamboat Co.*, 47 N. Y., 282, 298 ; *Ginna* v. *Second Avenue R. R. Co.*, 67 N. Y., 596.) But we do not think that, in the remarks before us, the trial court gave reason for interference by an appellate tribunal.

The judgment appealed from should be affirmed.

All concur, except RAPPALO J. absent.

Judgment affirmed.