Curtis, Ch. J.
The trial of this action appears to have been conducted on the theory that it was an action of trespass. The complaint alleges that the defendant became wrongfully possessed of the property in question, and also alleges that she wrongfully converted it to her own use. The prayer for relief demands the delivery of the property, and damages for its detention.
The language used in the complaint maybe construed as meaning that the defendant wrongfully took and unjustly detains the goods. This was the form before the Code of a declaration in the cepit et detinet. *322 The provisions of the Revised Statutes, as to what the declaration shall allege in replevin (2 R. S. 523, § 36), have been to a considerable extent superseded by the provisions of the Code, respecting what is there designated as “claim and delivery of personal property.” The Code does not change the requisites to maintain the action (Schofield v. Whitelegge, 49 N. Y. 260).
The proceedings in the present action appear, though not very clearly, to present the requisites to maintain it as an action to recover the possession of-personal property.
The allegation in the complaint, of the conversion of the property to the defendant’s own use, is consistent with a complaint in an action of trover, and the allegation of wrong on the part of the defendant in respect to acquiring possession of the property, was construed at the trial as an allegation of a tort in the nature of trespass.
The requisites to maintain the proceedings in claim and delivery are too distinctly defined to warrant a complaint presenting a triple aspect, and that may be available in replevin, trespass or -trover, as the exigencies of future proceedings in the action may render desirable.
But if parties elect to proceed to trial in a suit where the complaint is so indefinite or uncertain that the precise nature of the charge is not apparent, the embarrassments occurring in the present instance are -very likely to arise. The demand for the delivery of the property, and of damages for its detention, in the complaint, indicate that the pleader had in view an action under the Code for “ the claim and delivery of personal property.” That it is such, is the only view I have been able to arrive at (Dows v. Green, 3 How. Pr. 377; Spalding v. Spalding, Id. 297; Scofield v. Whitelegge, 49 N. Y. 259).
Whatever facts are stated in the. complaint which *323 were unnecessary to entitle plaintiff to the relief he asks, may be disregarded as superfluous.
The plaintiff appears to have been rightfully entitled to the possession of this property.
The evidence discloses that it was removed from his possession while he was proceeding to foreclose a chattel mortgage in his favor that existed upon it, and that this was done surreptitiously and wrongfully ; that he demanded it of the defendant, in whose possession it was, as a warehouse-keeper; and that she refused to surrender it, unless a real estate bond of indemnity to the extent of $1,500 was given to her.
I am not aware of the existence of any legal requirement, that a mortgagee, finding the mortgaged property to which he has a right of possession placed surreptitiously in a warehouse, is bound to give the warehouse-keeper a bond of indemnity, nor do I understand the cases cited by the defendant’s counsel (Ball v. Liney, 48 N. Y. 6, and Bliven v. Hudson River R. R. Co., 36 Id. 405), to go so far as to sustain that view.
If there are conflicting claimants, the course to be pursued is to immediately commence a suit in equity, in the nature of a bill of interpleader, against the claimants, and have the controversy, and the right to the possession of the property, judicially determined (Ball v. Liney, 48 N. Y. 13).
The conclusions arrived at in regard to the pleadings, and the relief, and nature of the action, considering it not as an action of trespass but simply an action of replevin, are, as it seems to me, in accord with the views of the learned trial judge, while sitting1 as a referee in the replevin suit of Levin v. Russell (42 N. Y. 253), and affirmed by the supreme court at general term, and by the hourt of appeals, and approved in Scofield v. Whitelegge (48 N. Y. 259).
The plaintiff had shown, upon the trial of the *324 action, that he was at least entitled to the possession, or to be restored to the possession, of the mortgaged chattels (Levin v. Russell, 42 N. Y. 251).
Any failure of proof on the part of the plaintiff as to damages sustained by the detention, or as to the value of the goods, does not appear to have been among the reasons for the dismissal of the complaint, nor would the dismissal on such grounds have been tenable.
The judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.
Freedman, J., concurred.