RICHARD CHAPIN, RESPONDENT, *v.* THE MERCHANTS' NATIONAL BANK OF WHITEHALL, APPELLANT.

*Action to recover a chattel — when the facts showing the detention to be unlawful need not be specifically alleged in the complaint — Code of Civil Procedure, sec. 1721.*

The complaint in this action, brought to recover two certificates of stock issued by the defendant, or their value, alleged that on the 3d of October, 1878, the plaintiff was, and that he still is, the owner of the said certificates; that while the plaintiff was such owner, and on or about the said third of October, the said certificates came into the custody and possession of the defendant, and that, although often requested by the plaintiff to return the same to him, it had refused so to do, and that it had, on the contrary, converted the same to its own use.

*Held,* that it was not necessary, under section 1721 of the Code of Civil Procedure, to allege in the complaint any facts showing the detention of the certificates by the defendant to be unlawful, and that a demurrer interposed thereto, upon the ground that it did not state facts sufficient to constitute a cause of action, was properly overruled.

APPEAL from an interlocutory judgment entered upon an order overruling a demurrer interposed to the complaint.

*J. Sanford Potter,* for the appellant.

*O. F. & R. R. Davis,* for the respondent.

LEARNED, P. J.:

This is an appeal from a judgment interlocutory overruling a demurrer to the complaint.

The action is for trover or replevin to recover two certificates of stock issued by the said bank, or their value. It avers that on the 3d of October, 1878, the plaintiff was, and that he still is, the owner of these certificates, describing them; that while plaintiff was such owner, and on or about that day, the same came into the custody and possession of the defendant; that the defendant, though often requested by plaintiff to return the same, has refused so to do, and on the contrary has converted the same to its own use.

To this the defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The facts admitted are that the plaintiff was, and is, the owner

of certain personal property; that the same came into the defendant's possession; that the plaintiff has requested the defendant to return them; that the defendant has refused, and converted them to its own use. The defendant urges that these facts, if admitted, constitute no cause of action, and refers to section 1721, Code. He insists that some facts should be set forth showing that the detention was wrongful.

But, now, to illustrate the view taken by the court below, let us suppose that the plaintiff had lost these certificates, and that the defendant had found them, and that on demand by plaintiff, the defendant refused to give them up. What other fact could be alleged than is alleged in this complaint? How could the plaintiff set forth facts to show the detention to be wrongful? It could not be necessary in such a case to detail the loss and the finding, because the material fact is the possession by the defendant, and the refusal to deliver to the owner when demanded.

*Scofield* v. *Whitelegge* (49 N. Y., 259) is entirely different. The complaint did not allege ownership by plaintiff, or demand by him or refusal by defendant. And the opinion of the court at page 262 and the reference to the printed papers in *Levin* v. *Russell* (42 N. Y., 251), show that if there had been an allegation of plaintiff's ownership and of a demand and refusal, the case would have stood very differently.

The allegation of a conversion to defendant's use, admitted to be true, shows of itself a cause of action in behalf of the plaintiff, who is admitted to be the present owner.

The judgment should be affirmed, with costs, with leave to defendant, in ten days after service of notice of affirmance and on payment of costs of demurrer and appeal, to withdraw the demurrer and to answer over.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

So ordered.