MILES B. RIGGS, AS ADMINISTRATOR, ETC., OF IRA RIGGS, DECEASED, PLAINTIFF, *v.* THE AMERICAN HOME MISSIONARY SOCIETY, DEFENDANT.

*Insane delusion — when it renders the acts of a person affected by it invalid — when executed contracts of a lunatic may be set aside — objections to evidence must be specific — Code of Civil Procedure, sec. 829.*

This action was brought by an administrator to recover from the defendant, a charitable corporation, money and securities given to it by his intestate, upon the ground that the latter was at the time of making the gift of unsound mind and suffering from delusions. Upon the trial the counsel for the defendant asked the court to charge " that a belief, based upon some evidence however slight, is not a delusion; that a delusion rests upon no evidence but a mere surmise. But it is only a belief of facts which no sane mind would believe, that would constitute an insane delusion."

*Held,* that the court properly refused so to charge.

Delusions, which render void acts caused by them, must arise from a belief in facts which no sane person would believe.

The defendant was incorporated by a special act (chap. 21 of 1871), and was authorized to take and hold real and personal property by purchase, gift, grant or bequest, and to grant and otherwise dispose of the same. It was incorporated for the purpose of assisting feeble congregations and of sending the gospel and

the means of Christian education to the destitute within the United States. The defendant's counsel requested the court to charge that if the defendant received and expended the money in good faith without any notice of the insanity of the deceased, and without notice of any facts tending to show his insanity, the plaintiff could not recover.

*Held,* that the court properly refused so to charge.

*It seems,* that if the defendant had been required by the terms of its charter to dispose of the identical money received as a gift, and had done so in good faith and without any notice of the decedent's insanity, then the proposition as presented would have been sound and should have been charged.

Upon the trial a son of the intestate entitled to share in his estate was called by the plaintiff. After he had stated his age, occupation and residence, the defendant's counsel objected to the competency of the witness to testify under section 829 of the Code of Civil Procedure. The objection was overruled and the witness allowed to testify. Parts of his testimony related to personal transactions and communications with the deceased, and part did not.

*Held,* that the defendant's objection was too general to enable him to raise any question upon appeal.

He should have renewed his objection when the objectionable testimony was given, or subsequently moved to have it stricken out.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict rendered in favor of the plaintiff.

*H. V. Howland,* for the plaintiff.

*Howard Payson Wylds,* for the defendant.

BARKER, J. :

In the same year in which this transaction occurred, the deceased made a gift of money to the American Tract Society, imposing on the donee the obligation of paying to him during his lifetime the annual interest on the principal sum donated. This plaintiff, in his representative capacity, prosecuted an action in the courts of this State to recover from that society the money so donated, which suit was defended and the right of the defendant to annul the gift and recover back the money was seriously contested by the defendant therein. The history of that litigation and its final result is reported in '19 Hun, 481; 84 New York, 330; 29 Hun, 141; 95 New York, 503.

Many of the legal questions discussed on this argument were up

and fully considered in that case, and we are relieved from the duty of giving them a re-examination, as we find the material facts in this similar to those in that case.   After reading the evidence as set forth in this record with much attention, we feel justified in holding and with great confidence, that on the question of the insanity of the deceased, the evidence tended to establish the existence of the same mental delusions and unsoundness of mind upon which the court based its judgment pronouncing the gift to the American Tract Society void.   Therefore, without stating in this connection any portion of the evidence which portrays the singular life, habits and temper of Mr. Riggs, or the nature and character of the delusions of which he was the victim, and led him to believe that his wife and children entertained towards him hostile feelings and sought to make his life unhappy, and which induced him to regard them as unworthy of his affections and bounty, we hold that the trial court properly held that the defendant was not entitled to a nonsuit, and correctly refused to direct a verdict in its favor.

During the trial exceptions were taken by the defendant to many of the rulings, which deserved and have received an examination. The unsoundness of mind on the part of the donor, which made the gift invalid, did not arise from imbecility of mind nor could he be classed as a *non compos mentis*; nor did it arise from a general mental disturbance, so that he could not do any rational and valid act, but it arose from delusions of the mind, which mislead his actions and inspired his conduct towards his wife and children, so far as the disposition of his property was concerned ; and because of this mental derangement his natural mind did not accompany the act which was necessary to make good the gift.   After the general charge to the jury was concluded the defendant asked the court to give the further instruction : that a belief based upon some evidence however slight is not a delusion; that a delusion rests upon no evidence but a mere surmise ; but it is only a belief of facts which no sane mind would believe, that would constitute an insane delusion.   This, as an entire proposition, was, as we think, properly rejected. , Delusions of the mind which render void the act caused by such delusions must be a belief of facts which no sane person would believe.   Another definition is given in these words: Delu-

sion is a belief in something impossible in the nature of things or circumstances of the case. There may be a belief in the mind of the existence of a fact which no sane person would believe under the circumstances of the case, although there might be a shadow of evidence that the fact exists. But this is not the true test to be applied in determining the question whether the act involved is the result of a delusion or not. A singular circumstance may, in a particular instance, be some evidence of the fact believed, but when it is not supported by some further evidence and is left to stand wholly uncorroborated, it would be the most irrational and improbable thing for a sane mind to believe that the fact existed. The legal proposition to be applied to cases of this character is a general one, and is in substance as before stated, viz.: Is the belief of the mind which induces the act a mere delusion, which no sane mind would believe in, and if such be the condition of mind of the person whose conduct is in question, it is unequivocal evidence of insanity.

The court was also requested to instruct the jury that if the defendant received and expended the money in good faith, without any notice of the insanity of Ira Riggs, and without notice of any facts tending to show his insanity, the plaintiff could not recover. In our consideration this proposition was properly rejected as unsound and unreasonable. The defendant was created a body corporate by special enactment (chap. 21, Laws of 1871), and was empowered to take and hold by purchase, gift, grant or bequest, real and personal property, and given the power of granting or otherwise disposing of the same, " for the purpose of assisting feeble congregations, and of sending the gospel and the means of Christian education to the destitute within the United States." No limitations were placed on any of its powers, as to the amount and value of personal property it might take and hold, but a restraint was imposed on its capacity to take and hold real estate which was limited to a value, the income of which should not exceed $25,000 per annum. It possessed also the powers and was subject to the limitations applicable to all corporations, as provided in title 3, chapter 18, part 1 of the Revised Statutes.

The defendant's proprietory right to all property which might be rightfully conveyed or transferred to it was absolute, and the property

was not held as a trust fund to be expended in a particular manner marked out and defined in the statute; nor was any person, or class of persons, capable of being ascertained, designated as beneficiaries. Its managers possess the unrestrained power to decide when and upon what conditions of things they will distribute the corporate property and income derived therefrom, and how long they will permit the principal to remain undisturbed and invested for the purpose of accumulation. Gifts and bequests made to it are not placed under special trust, and all donations made to it are held and reserved for the general purposes of the act.

We therefore hold as a legal conclusion, that if all the moneys received by the defendant from Mr. Riggs were in cash items, as part were in fact, and it also appeared that the entire fund so donated had been in fact distributed for the purposes mentioned in the act, yet the defendant is under a legal as well as an equitable obligation to refund the same out of any property which it now possesses, and as much so as if it had the identical fund in hand unexpended. This conclusion was reached and announced in the case of *Riggs* v. *American Tract Society* (84 N. Y., 330; 95 id., 503). If the defendant had been required by the terms of its charter to dispose of the identical money received as a gift and had done so in good faith, without any notice of the decedent's insanity, the proposition as presented in the request would have been sound and should have been charged. The plaintiff as the personal representative of the deceased, had nothing to do before commencing this action, but to notify the defendant that the gift was void by reason of the donors insanity and that he rescinded the gift. In this case nothing was required to be done to place the defendant in *statu quo*. The interest which Mr. Riggs received during his lifetime, from the defendant, was derived from the use of his own money and in a legal sense nothing was advanced to him by the defendant.

The deceased died intestate, and Calvin N. Riggs was one of his children and was entitled to share in the distribution of his father's estate and was therefore interested in the event of the action. He was called as a witness in behalf of the plaintiff and after stating his age, occupation and residence, the defendant interposed an objection which is expressed in these words: The defendant objected to the compe-

tency of the witness to testify under section 829 of the Code of Civil Procedure. The objection was overruled and the defendant excepted. The witness was then subjected to a prolonged examination, and testified in much detail relative to the peculiarities of his father, his habits of life, his treatment of his wife and children, and other circumstances tending to support the plaintiff's contention that the deceased was of unsound mind at the time of the gift. Much and important parts of this evidence we regard as incompetent under section 829, as coming from an interested witness and being chiefly in the nature of conversations and transactions between the witness and his father. (*Holcomb* v. *Holcomb*, 95 N. Y., 316.) In commenting on the section, the court then said: "The words of exclusion are as comprehensive as language can express. Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another. The statute is a beneficial one, and ought not to be limited or narrowed by construction." But the objection was not well taken at the time it was interposed. The witness was competent as to all matters of inquiry not enumerated in the section. During his examination he did testify as to some matters of which he could properly speak after the objection was interposed. The objection did not point out any particular subject matter as to which the witness was incompetent to speak or to which the defendant intended to have his objection apply. The objection as presented to the court for its ruling, was placed on the general ground of the witness' entire incompetency. Whenever the witness was called upon by the plaintiff to testify on a subject or as to matter coming within the prohibitions of the section, then the defendant's counsel should have renewed his objection if he desired to exclude the evidence, or the same having been received he should have moved at the proper time to have the objectionable part struck out. He did neither but permitted the evidence to be given without objection. Under such circumstances, it is now well settled that courts of review will regard all objections waived as to the competency of the witness to testify. (*Levin* v. *Russell*, 42 N. Y., 251; *Tooley* v. *Bacon*, 70 id., 37.)

We have examined each one of the other exceptions, to which our attention has been called, in the very elaborate and valuable brief, handed up by the learned counsel for the defendant, and find no error in the rulings made during the trial.

Motion for a new trial denied with costs, and judgment ordered for the plaintiff on the verdict.

HAIGHT and BRADLEY, JJ., concurred.

Motion for a new trial denied, and judgment ordered for the plaintiff on the verdict.

NOTE — The balance of the cases decided at this term of the court will be found in (36 Hun) the next volume.—[REP.