# City Court.

*General Term—December,* 1885.

## HUDSON KITCHELL *against* GEORGE BECK.

Damages for trespass. The law guards with great jealousy and watchfulness the peaceable possession by every man of his dwelling-house, and enables all who have been disturbed in the enjoyment thereof to recover substantial damages from every willful and intentional intruder, though no actual pecuniary damage can be proved to have been done in point of fact either to property or the person.

If a question put to a witness is capable of a construction which makes it competent, a general objection to it will not be regarded, although it is also capable of a construction which may render it incompetent. The specific ground of objection must be stated, to be available.

The plaintiff, a carpenter, in March, 1884, bought a carpet from the defendant for $38, on the installment plan. After the carpet had been delivered and one installment paid thereon, the defendant sent a chattel mortgage for the plaintiff to sign. As the plaintiff was not home, it was signed by his daughter, without his authority. The subsequent installments not being promptly paid, the defendant sent three men, tore the carpet from the floor, and carried it away during the plaintiff's absence from his house. The plaintiff subsequently brought suit in the city court for trespass. Upon the trial before Judge BROWNE, the jury awarded the plaintiff $500 damages, to which was added the court expenses. From this judgment the defendant appealed.

*H. B. Weschman,* for appellant.

*G. R. Hawes,* for respondent.

McADAM, Ch. J.—The jury, by their verdict, have found that the carpet was sold to the plaintiff; that the chattel mortgage signed by the daughter in the name of the wife was executed without his authority, and that the entry by the defendant's employees into the plaintiff's dwelling, by the defendant's direction, was a trespass from the beginning; from which it follows, as matter of law, that he was liable for it and all the consequences flowing from it. The plaintiff lived with and supported his wife and family, and if either his wife or children were ill at the time of the trespass, the plaintiff had the right to prove the fact, not by way of special damages, for none were alleged, but to characterize the nature and extent of the trespass upon his premises. His wife and children were under his care and protection, and while he probably could not recover for any personal injury to them, the fact that they were ill was a circumstance he was not bound to withhold from the jury, for the person who commits or directs the commission of a trespass is supposed to have contemplated the consequences of his acts. But there are cases in which the husband may recover for injuries to his wife. Thus, in Brooks *v.* Schwerin (54 *N. Y.* 343), the court of appeals held, that notwithstanding the various acts in regard to married women, the services of the wife in the household belong to the husband, and, so far as any injury to her disables her from performing such services, the loss is his, and that he, and not she, can recover therefor (See also 49 *N. Y.* 477). Under the circumstances, the question put to the plaintiff's wife, as to the state of her health at the time of the trespass, was not altogether improper, for its tendency was rather to characterize the nature of the trespass than to prove a personal injury to her. The specific ground of objection to the question was not stated, and the rule is, that if a question is put, capable of a construction which makes it competent, a general objection will not be regarded, although it is also capable of a construction which may render it incompe-

Kitchell v. Beck.

tent (Briant v. Tremain, 49 N.Y. 96). In other words, to make the exception available, it must appear that the precise question intended to be raised was brought to the attention of the court (Welsh v. Washington, 32 N.Y. 427; Lavin v. Hand, 42 N. Y. 251; Shaw v. Smith, 3 Keyes, 316; Amidon v. Ingersoll, 34 Hun, 185; Daly v. Byrne, 77 N. Y. 182; Ward v. Kirkpatrick, 85 Id. 413; Quimby v. Strauss, 90 Id. 664; Bergman v. Jones, 94 Id. 51). If the objection had been specifically stated, the form of the question could have been changed or the plaintiff might have acquiesced in the incorrectness of the evidence, and withdrawn the question entirely. If, for example, the defendant meant to contend that no special damages were alleged, the trial judge, on having his attention called to the fact, might have sustained the objection or allowed an amendment of the complaint in that regard. We think, however, that the question put was not altogether improper, and worked no injury to the defendant.

The answer to the question was that her health was not very strong. She added, however, "this made me sick; nervous excitement added to my sickness and humiliation." But this answer was not responsive to the question which was objected to by the defendant, and might have been stricken out on that ground if an application to strike out had been made. If, however, the sickness spoken of prevented the wife from attending to her household duties, the right of action therefor, under the case of Brooks v. Schwerin, supra, belonged to the husband, and formed a proper element of damage, if he had claimed it in his complaint, so that the rule requiring objections to questions to be specific applies with peculiar force to the one under consideration. The jury were not instructed to allow damages for any personal injury to the wife, but for the injury to the plaintiff's property, and for the defendant's disregard of the plaintiff's right to the enjoyment of his house and home. This was in effect telling the jury

Kitchell *v.* Beck.

that they might allow the plaintiff for the injury to his property and exemplary damages for the invasion of his home, and the humiliation consequent upon it.

We think this was proper (Garrison *v.* Smith, 2 *N. Y. Leg. Obs.* 218). *Addison on Torts,* 3 ed. at page 300, says with respect to trespasses like the present: "The law guards with great jealousy and watchfulness the peaceable possession by every man of his dwelling-house, and enables all who have been disturbed in the enjoyment thereof to recover substantial damages from every willful and intentional intruder, though no actual pecuniary damage can be proved to have been done in point of fact either to property or the person. Rights of action of this sort are given, observes Lord DENMAN, in respect to the immediate and present violation of the possession of the plaintiff, independently of his right of property; they are an extension of that right of protection which the law throws around the person, and substantial damages may be recovered in respect of such rights, though no loss or diminution in the value of the property may have occurred."

In the present case the entry was without right, and was unlawful, and, whether malicious or otherwise, it was certainly intentional, and the injury as great as if malice had been associated with the intent with which the trespass was committed. The damages recoverable in a case like the present must, in the nature of things, rest largely in the discretion of the jury, and while they awarded substantial damages,—to wit, $500,—we cannot say that they are so excessive as to require a new trial or a reassessment.

For these reasons, the judgment appealed from must be affirmed, with costs.

HYATT and HALL, JJ., concurred.