FRANK M. MONTIGNANI, Respondent, *v.* THE E. V. CRANDALL COMPANY and Others, Appellants.

*Conversion of chattels by a sheriff — proof as to its effect on the owner's customers and business — the price on an execution sale is some evidence of value.*

Where personal property has been levied upon by the sheriff, under an execution against a party not the owner, the latter, in an action brought by him for its conversion, is not entitled to testify that there were customers in his store where the property was, who saw it being taken by the sheriff; that he had but a small business and little capital, and that the removal of this part of the stock practically destroyed his business in the articles taken.

The price realized upon a sale of property under an execution is some evidence of its value.

APPEAL by the defendants, The E. V. Crandall Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of February, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Herman Herst, Jr.* [*Thenford Woodhull* with him on the brief], for the appellants.

*John F. Montignani,* for the respondent.

HATCH, J.:

This action was brought against the sheriff of Kings county for the conversion of personal property. Claim of ownership in the plaintiff having been made when the sheriff levied upon the property, he demanded a bond of indemnity which the defendants gave; thereupon the sheriff took the property, and this action having been brought against him, the defendants were substituted as parties defendant. The evidence warranted the jury in finding that the property was not owned by the defendant in the execution under which the sheriff acted. This would lead to an affirmance of the judgment were it not for the fact that fatal error was committed in rulings upon questions of evidence. The sum which the plaintiff became entitled to recover was measured by the value of the property converted.

Upon this subject the defendants sought to show what the property realized upon the execution sale; objection was interposed; the evidence was rejected, and the defendants excepted. What the property brought at the sale was some evidence of its value, and the defendants were entitled to have the same considered by the jury. (*Bowdish* v. *Page*, 81 Hun, 170; *Parmenter* v. *Fitzpatrick*, 135 N. Y. 190.) There was no claim that the sale was not made in the usual way in which such sales are conducted, or that it was in any sense forced or extraordinary; consequently there was nothing to take the case out of the rule of these authorities.

There was also another ruling which presents clear error, assuming that the point was fairly taken. The plaintiff being interrogated about the transaction at his store where the property was seized, was asked, " Q. There were customers in there ? " This was objected to; the objection was overruled, the defendants excepted, and the witness answered, " Yes." Then followed the question, " They saw it being taken by the sheriff ? " Thereupon the witness proceeded to give testimony showing that he had but a small business and little capital, and that the removal of this part of the stock practically destroyed his business in the articles taken. There is no objection in the record to this part of the testimony, unless it be covered by the general objection above noted, and it can be urged with some force that no question was presented by the objection taken. In no view and for no proper purpose could this testimony be received, either that to which specific objection was made or that which followed, and as the objection was taken and the ruling had when this subject was entered upon, the objection should be held to relate to and embrace the whole. The rulings to which we have adverted were distinctly prejudicial; the first, because it bore directly upon the issue of the value of the property, which was the measure of damage under the issue; the second because its effect was to arouse the animosity of the jury, and prejudice them against the defendants, in consequence of the fact that not only was there a conversion of the property, but that the business of the plaintiff was also ruined, and thereby induce them to enhance the value of the property converted. There is a wide discrepancy between the property claimed by the plaintiff to have been taken and the property which was inventoried by the sheriff at the time of the seizure. There is also a wide difference

in the value placed by the plaintiff upon some of the articles taken, and their value as testified to by witnesses called on behalf of the defendants. The jury have awarded the full amount claimed by the plaintiff as authorized by his testimony ; and it may be that this conclusion has been reached by consideration of the testimony to which we have adverted, and in not being permitted to know the price which the property realized upon its sale.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.