MONTIGNANI v. E. V. CRANDALL CO. et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. PROPERTY SOLD UNDER EXECUTION—EVIDENCE OF ITS VALUE.
   Evidence of what property sold for at an execution sale, not in any sense forced or extraordinary, is competent to prove its value.

2. TRIAL—OBJECTION TO EVIDENCE—SCOPE.
   An objection to evidence relating to a certain subject, made when the subject was entered on, will be regarded as embracing the whole thereof, though no further objection was made.

3. ACTION FOR CONVERSION—EVIDENCE.
   In an action for conversion of property alleged to have been unlawfully sold under an execution, evidence that it was removed from plaintiff's

stock at his place of business in the presence of customers, and that his business and capital was small, and the removal practically destroyed his business in the articles taken, was inadmissible.

Appeal from trial term.

Action by Frank M. Montignani against the E. V. Crandall Company, Eben V. Crandall, and A. Val Woodruff. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herman Herst, Jr., for appellants.

John F. Montignani, for respondent.

HATCH, J. This action was brought against the sheriff of Kings county for the conversion of personal property. Claim of ownership in the plaintiff having been made when the sheriff levied upon the property, he demanded a bond of indemnity, which the defendants gave. Thereupon the sheriff took the property, and, this action having been brought against him, the defendants were substituted as parties defendant. The evidence warranted the jury in finding that the property was not owned by the defendant in the execution under which the sheriff acted. This would lead to an affirmance of the judgment, were it not for the fact that fatal error was committed in rulings upon questions of evidence. The sum which the plaintiff became entitled to recover was measured by the value of the property converted. Upon this subject the defendants sought to show what the property realized upon the execution sale. Objection was interposed, the evidence was rejected, and the defendants excepted. What the property brought at the sale was some evidence of its value, and the defendants were entitled to have the same considered by the jury. Bowdish v. Page, 81 Hun, 170, 30 N. Y. Supp. 691; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032. There was no claim that the sale was not made in the usual way in which such sales are conducted, or that it was in any sense forced or extraordinary; consequently, there was nothing to take the case out of the rule of these authorities.

There was also another ruling which presents clear error, assuming that the point was fairly taken. The plaintiff, being interrogated about the transaction at his store, where the property was seized, was asked, "Q. There were customers in there?" This was objected to, the objection was overruled, the defendants excepted, and the witness answered, "Yes." Then followed the question, "They saw it being taken by the sheriff?" Thereupon the witness proceeded to give testimony showing that he had but a small business, and little capital, and that the removal of this part of the stock practically destroyed his business in the articles taken. There is no objection in the record to this part of the testimony, unless it be covered by the general objection above noted; and it can be urged with some force that no question was presented by the objection taken. In no view, and for no proper purpose, could this testimony be received, either that to which specific objection was made or that which fol-

lowed; and, as the objection was taken and the ruling had when this subject was entered upon, the objection should be held to relate to and embrace the whole. The rulings to which we have adverted were distinctly prejudicial,—the first, because it bore directly upon the issue of the value of the property, which was the measure of damage under the issue; the second, because its effect was to arouse the animosity of the jury, and prejudice them against the defendants, based upon the fact that, not only was there a conversion of the property, but the business of the defendants was also ruined, and thereby be induced to enhance the value of the property converted. There is a wide discrepancy between the property claimed by the plaintiff to have been taken and the property which was inventoried by the sheriff at the time of the seizure. There is also a wide difference in the value placed by the plaintiff upon some of the articles taken and their value as testified to by witnesses called on behalf of the defendants. The jury have awarded the full amount claimed by the plaintiff, as authorized by his testimony; and it may be that this conclusion has been reached by consideration of the testimony to which we have adverted, and in not being permitted to know the price which the property realized upon its sale.

For these reasons the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.