(43 App. Div. 496.)

### McGRATH v. ALGER.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. ATTORNEY AND CLIENT—ACTION FOR COMPENSATION—EVIDENCE.

In an action against an executor to recover compensation for professional services rendered by an attorney for a decedent in his lifetime, it must be shown that the services for which the recovery is claimed were rendered at his instance and request, or for his benefit.

2. TRIAL—OBJECTION TO EVIDENCE—STATEMENT OF GROUNDS.

A party is not bound to reiterate the grounds of his objection to evidence relating to an issue, when such grounds were fully and properly stated when the objection was first made.

Appeal from trial term, Kings county.

Action by Thomas M. McGrath against William G. Alger, as executor of the will of Cyrus D. Alger. From a judgment for plaintiff entered on a verdict, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederic A. Ward (J. Frederic Kernochan, on the brief), for appellant.

James L. Bennett, for respondent.

HATCH, J. This action is brought by the assignee of a claim for professional services rendered by A. Edward Woodruff, a lawyer, to Cyrus Alger in his lifetime. As we view the testimony, the verdict which has been rendered seems large for the service shown to have been performed, and the amount charged for such service seems to be at a greater rate than charges for service rendered by the lawyer during testator's lifetime, and for which he paid. While it is true that the extent and value of the service rendered by a lawyer, in the absence of an agreement for specific compensation, is a question of fact, of which the jury is the sole judge, yet their verdict in this respect is subject to scrutiny, and may be reversed if excessive, or set aside if inadequate. There is no more sacredness attaching to verdicts in such actions than in any other class of cases. While holding the view that the verdict is large for the character of service, its importance and extent, we do not find it necessary to determine either that it is excessive or against the fair weight of the testimony. Such condition, however, imposes upon us the necessity of examining the record with care, in order to see that nothing which has happened improperly tended to the prejudice of the defendant. In order to sustain this recovery, it must clearly appear that the entire service for which the recovery has been had was rendered at the instance and request of the deceased, or, was for his benefit. Having in mind this condition, we think it clear that the jury was permitted to consider testimony of service rendered which was not shown to have been performed either for the benefit or upon the request of the deceased. There is nothing in the letters which passed between the attorney and the deceased showing a request upon the part of the latter that the attorney should aid him in contracting a

second marriage, and there is no oral testimony establishing a request upon the part of the deceased for such service. If, from what does appear, a general request could be inferred, the service rendered in such connection must be shown to have been for the benefit of the deceased, or, if rendered to another, must be shown to have been at his request.

It appeared that the deceased contracted a second marriage with a Miss Gillespie. The attorney testified that shortly prior to such marriage the valet of the deceased called upon him, and thereafter a brother of Miss Gillespie called and consulted him about the legality of such marriage, and that thereafter the attorney spent "altogether between ten and twenty days, because it had run over a vast period, a good deal of time. At different times." When this subject was first broached, the court, of its own motion, seems to have struck out the conversation with the valet. Thereupon the witness testified: "Well, Mr. Gillespie called on me,—the brother." Defendant objected to this testimony as unauthorized and incompetent. The court permitted it to stand, and the witness then testified that the subject of the conversation was the legal right of the deceased to marry. He was then asked as to the time he spent in examining the question, and answered, "I had spent a great deal of time." Defendant again objected generally, the court allowed the testimony, and the defendant excepted. It is quite clear that this testimony did not disclose that the service rendered in this connection was at the request of the deceased, or for his benefit. From all that does appear, it is quite as likely that Gillespie wanted the information for his own benefit, or that of his sister, as that the deceased wanted it imparted to them. The case is destitute of any request by the deceased for the attorney to advise Gillespie or make any examination of the law in connection with the subject-matter of the interview, and, without such request, deceased could not be made liable, any more than he could for service rendered at the request and for the benefit of a stranger. Neither Gillespie nor the valet was called to testify as to the circumstances, and no inference can arise from the relation sufficient to charge the deceased with liability. It is clear, therefore, that the admission of this testimony worked a prejudicial error to the defendant, as it must be presumed that the jury took into consideration the rendition of such service as a proper charge against the deceased, in awarding the recovery. It is said, however, that the defendant has not raised the question, as the objection thereto was general. The general rule undoubtedly is that a general objection to incompetent testimony will not be sustained upon appeal unless it clearly appears that the ground of objection could not have been obviated had it been stated, or unless the evidence in any aspect was incompetent. Ackley v. Welch, 85 Hun, 178, 32 N. Y. Supp. 577. The reason for this rule is that the court should be apprised of the ground, so that in fairness it may understand the nature of the question presented, and also for the purpose of enabling the adverse party to supply what may be lacking, or withhold the evidence. Daly v. Byrne, 77 N. Y. 182. This rule, however, does not fit the facts of the present case. When the defend-

ant first objected, he stated the grounds to be that the evidence was unauthorized and incompetent. This fairly apprised both the court and the adverse party that the evidence sought was unauthorized, as it could not be properly used to fasten liability upon the deceased. This objection the court overruled, and, when the plaintiff sought to show what was done pursuant to the interview, the defendant again objected. He was not bound to reiterate the grounds of his objection. That he had done before, and the court and counsel understood the grounds then as fully as if restated. It simply indicated that the defendant was standing upon his rights, and was insistent upon the objection to that class of testimony which he had raised at the first moment. Under similar circumstances, we have held the question properly raised. Montignani v. E. V. Crandall Co., 34 App. Div. 228, 54 N. Y. Supp. 517.

There are other questions in the case, but we do not find it necessary to examine them, as this ruling was error, and should lead to a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.