### GOODMAN v. McGONIGLE.

#### (Supreme Court, Appellate Term. February 16, 1911.)

1. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE TO SUSTAIN.

In an action for converting certain flour, where the complaint placed the value at $500, but the plaintiff's evidence showed a value no higher than $280, and the value as placed by the defendant was from $100 to $125, it was error to charge that there was on one side testimony that the goods were worth over $500, and on the other that they were worth but $125.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

2. SHERIFFS AND CONSTABLES (§ 138*)—ACTION AGAINST OFFICER—MARSHAL'S SALE—NOTICE.

In an action for conversion against a marshal for seizing and selling flour, it was error to exclude questions showing the publicity and fairness of the marshal's sale, the number of bidders, and the price realized.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 138.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Abraham Goodman against Daniel McGonigle. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Goetz & Goetz, for appellant.

Lesser Bros., for respondent.

LEHMAN, J. The plaintiff sues for the conversion of 75 bags of flour seized by the defendant, a city marshal, under process issued against one Reblinker, from whom the plaintiff claims to have purchased the flour. In the complaint the value of the flour is placed at $500, but the plaintiff produced no evidence showing a higher value than $280. The only evidence admitted on behalf of the defendant for the purpose of showing value was the testimony of an expert, who bid at the public sale conducted by the marshal, that this flour was worth from $100 to $125. The trial justice charged the jury:

"You have on the one side the testimony that the goods were worth over $500. You have heard on the other side the contention that the goods were worth but $125. You are bound neither by the testimony of the plaintiff nor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the testimony of the defendant; but if you believe that the plaintiff is entitled to recover, you may find for him in such sum as you, gentlemen, consider to be the fair and reasonable value of the flour in question on the day it was seized."

Thereupon the jury brought in a verdict for $300. The defendant specifically excepted to the charge that there was testimony "that the value of this flour was $500, was over $500." Upon this exception I believe that the judgment should be reversed.

The trial justice also erroneously excluded all questions to show the publicity and fairness of the marshal's sale, the number of bidders, and the price realized. This was error, and, in view of the verdict, apparently prejudicial error. Montignani v. Crandall Co., 34 App. Div. 228, 54 N. Y. Supp. 517.

Judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.