Charles B. Throckmorton, Appellant, *v.* The Evening Post Publishing Company, Respondent.

*Libel* — a publication which has been adjudged to be true is not available to show malice in a subsequent publication — a judgment will not be reversed in order to allow a recovery of nominal damages.

Where, in an action for libel, a judgment is entered adjudging the publication upon which the first cause of action was based to be true, and dismissing the complaint as to that cause of action upon the merits, the plaintiff, while the judgment of dismissal stands unreversed and unmodified, is not at liberty, on a second trial, to offer in evidence the publication referred to in the first cause of action, for the purpose of establishing malice on the part of the defendant in respect to the publication set forth in the second cause of action, as a malicious intent cannot be predicated upon a correct and truthful exposition of facts.

*Semble,* that a judgment will never be reversed on appeal, even though an exception be taken, in order to give the plaintiff merely nominal damages.

Appeal by the plaintiff, Charles B. Throckmorton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of April, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

*George William Hart,* for the appellant.

*Lawrence Godkin,* for the respondent.

Van Brunt, P. J.:

This action was commenced to recover damages for alleged libels. In the complaint two causes of action were set up, one for a publication on the 7th of January, 1895, and the other for a publication

on the 15th of January, 1895. The case has been twice tried, and this is the second appeal to the Appellate Division. On the first trial, after the evidence was all in, the court dismissed the complaint as to the first cause of action upon the merits, but the case was sent to the jury upon the second cause of action, and the jury found a verdict for the plaintiff. After this trial a judgment was entered wherein it was adjudged that the complaint be dismissed as to the first cause of action, and a recovery had upon the second cause of action. The defendant appealed from so much of this judgment as adjudicated that the plaintiff recover upon the second cause of action. The judgment recovered by the plaintiff upon the second cause of action was reversed by this court on account of error in the admission of evidence and a new trial ordered. Upon the second trial the jury found a verdict for the defendant, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

It is claimed that the court erred in the admission of evidence and in the submission of the case to the jury. The plaintiff offered evidence tending to prove the first cause of action apparently upon two grounds, *first*, as proof of the first cause of action, and, *secondly*, for the purpose of proving malice in respect to the second cause of action. By the judgment entered upon the first trial and not appealed from, the plaintiff's right to recover upon the first cause of action seems to have been determined against him, and that determination stands unreversed and without modification.

The publication referred to in the first cause of action could not be offered as evidence of malice because by that adjudication it was adjudged that it was true, and a malicious intent cannot be predicated upon a correct and truthful exposition of facts. Therefore, the court below was entirely right in excluding the evidence in respect to the first publication from the consideration of the jury.

The other objections relate to the form of the charge. An examination of the record shows that no exceptions were taken to the charge which are presented here for consideration. But it is said that the court made use of expressions and language which may have misled the jury and induced them to render a verdict for the defendant when possibly they might otherwise have rendered a verdict for nominal damages for the plaintiff. The attention of the

court was not called in any way to the language used by it, and undoubtedly it would have been corrected, if erroneous, had such attention been called to it. But a judgment will never be reversed, even if there were an exception, in order to give the plaintiff nominal damages.

There seems, therefore, to have been no serious error committed on the trial which calls for a reversal of the judgment appealed from and it should be affirmed, with costs.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.