sister had finished with their so-called "rebuttal," including a new statement of the case, the plaintiff's counsel was allowed to recall the defendant, and endeavored to show that the nursing and treatment of the plaintiff were in contravention of a provision of the public health law respecting practice in medicine. The attempt failed. Although our statute does not contain the salutary rule of a venerable and respected foreign procedure requiring that in courts of inferior jurisdiction, peculiarly the resort of the poor and the unlearned, the trial may not be proceeded with before that the justice has made an attempt at conciliation, or that the parties have voluntarily appeared for that purpose. There is recognized in long practice a duty on the part of such magistrates to explain the rights and remedies to persons who are not represented by counsel, especially when such persons are women.

In furtherance of justice, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

### RAMBAUT v. IRVING NAT. BANK.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. WRONGFUL ATTACHMENT—SEIZURE BY SHERIFF—DISSOLUTION.
   A seizure of goods under an attachment levy afterwards vacated is a technical conversion, entitling the owner of the goods to at least nominal damages from the attaching creditor.

2. WRONGFUL ATTACHMENT—LEVY—DAMAGES.
   Counsel fees and expenses of defendant's motion to vacate an attachment are not recoverable by defendant's assignee for the benefit of creditors, where he was not a party to the action.

3. SAME—ASSIGNEE FOR BENEFIT OF CREDITORS.
   An assignee for the benefit of creditors cannot recover counsel fees and the expenses of his motion to vacate the attachment levy against the assignor, since he could have recovered for the conversion without moving to vacate the attachment, and his recovery is limited to expenses necessarily incurred.

4. SAME.
   Damages from being prevented from selling the property during the time the sheriff had possession of it under the attachment levy, where the assignee did not file his bond—a condition to the right to sell the property, under Laws 1877, c. 466, § 5—until after the attachment was dissolved, are not recoverable.

5. SAME.
   An assignee for the benefit of creditors cannot recover the loss in market value of the property after the dissolution of the attachment and pending an appeal therefrom, since the property could have been sold by him at any time after such dissolution.

6. SAME.
   A judgment for defendant will not be reversed simply because plaintiff is entitled to nominal damages, where no substantial right beyond damages is involved.

Appeal from trial term, New York county.

Action by Thomas D. Rambaut, as assignee for the benefit of creditors of the Wilson Brothers Woodenware & Toy Company, against the Irving National Bank. From a judgment entered on dismissing the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Edward H. Wilson, for appellant.
Charles E. Rushmore, for respondent.

RUMSEY, J. The action is brought to recover damages for conversion. Upon the trial the learned justice dismissed the complaint, and from the judgment thereupon entered this appeal is taken. The facts are that the defendant, Irving National Bank, being a creditor of the Wilson Brothers Woodenware & Toy Company, brought an action to recover the amount of its debt, and sued out a warrant of attachment against its debtor, which was levied by the sheriff on the 29th of June, 1898. Almost immediately after the levy had been made, the plaintiff here served a notice upon the sheriff that he, as assignee for the benefit of creditors of the corporation, was the owner of the attached property. Thereupon the defendant in this action procured an undertaking to be given to the sheriff to indemnify him against damages arising out of the levy in the attachment. The defendant in that action subsequently moved to vacate the attachment upon affidavits, and on the 12th day of July, 1898, an order was made vacating the attachment. The sheriff thereupon abandoned his levy, and the plaintiff took possession of the goods. Upon these facts, which are not disputed, it is undoubtedly true that there was a technical conversion of the property by the defendant, and that the plaintiff would have been entitled to recover nominal damages, at least, for the conversion. Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261. No other damages were proved, because it is conceded that, although the sheriff took nominal possession of the property, he did not in fact remove it from the place where it was, nor in any way interfere with it, except to take such nominal possession. But the plaintiff here claimed that he was entitled to damages for the amount of counsel fee and expenses to which he was put in the motion to vacate the attachment. This the learned justice below refused to permit him to prove, for the reason that such counsel fee and expenses were not proper items of damages in such an action. It appears from the record that the motion to vacate the attachment was made by the defendant in that action. If that were so, of course there could be no claim that the assignee of the defendant, who was not a party to the motion, was entitled to any of the expenses imposed upon the defendant because of the necessity of vacating that attachment. The expenses arising out of the attachment and the damages caused to the defendant in the action because of its issuance are to be recovered by him, if at all, in proceedings upon the bond (Code Civ. Proc. § 640), which the statute requires to be given by the plaintiff to indemnify the sheriff against these things. But the plaintiff here claims that he should have been permitted to prove that in fact he moved to vacate the attachment and paid the expenses of the motion. If that had been the fact, the case would not be altered. If the property belonged to the plaintiff in this action by the assign-

ment, as he claims it did, his right of action arose upon the levy that was made. It was not necessary for him to move to vacate the attachment to entitle him to recover for the conversion. It may be quite true that, where the property of a person has been converted by another, the owner is entitled to recover in his action for the conversion all expenses to which he was necessarily put by reason of the conversion in his efforts to recover the property before suit. But the rule in that case must be limited to such expenses as were necessarily incurred. If the owner of the property sees fit to do something which it is not necessary for him to do by way of establishing his right, the expense of so doing is certainly not the result of the conversion of which he complains, and the person who has converted the property cannot be charged with it.

The plaintiff offered to prove, as another item of damages, that he was prevented from selling the property during the time the sheriff had possession of it under the levy. This the learned justice refused to permit him to show, and in this ruling he was clearly correct. The sheriff did not interfere with the property while it was in his possession in such a way as to damage it in the slightest degree. The plaintiff, being the assignee for the benefit of creditors, had no authority to sell or dispose of the property, or in any way convert it to the purpose of the trust, until he had filed his bond. Laws 1877, c. 466, § 5. This was done on the 23d of July, 1898. Then, and not until then, the plaintiff had the right to sell or dispose of this property, and no act of the sheriff done before that time could injure him in that respect. For that reason, the ruling of the court refusing to permit him to show that he was not able to sell any of the property during the time the sheriff actually had possession of it was correct.

He further claims that he was damaged because he kept this property during the pendency of the appeal to await its result, and that certain of it thus held did not bring, when sold, the prices that it would have brought if it had been sold during the summer. This the learned justice also refused to permit him to show, and in this ruling also he was correct. After the attachment had been vacated, the plaintiff had the full and entire control of this property. There was no reason, legal or otherwise, why he should not have sold it if he had seen fit to do so; and, if he preferred to retain possession of it until the appeal had been determined, he cannot charge the effect of that unnecessary act of his upon the sheriff or upon anybody else.

The result of the whole matter is that, while undoubtedly the plaintiff established a technical conversion which entitled him to recover nominal damages, yet, if a verdict had been ordered in his favor, no greater amount of damages could have been recovered by him. Unless some substantial right beyond damages is involved, the court will not reverse a judgment against the plaintiff simply for the purpose of enabling him to obtain nominal damages, when it is quite clear from the case presented that he would be entitled to no more. Funk v. Publishing Co., 76 Hun, 497, 27 N. Y. Supp. 1089; Stephens v. Wider, 32 N. Y. 351.

For this reason, the judgment must be affirmed, with costs to the respondent. All concur.