(96 App. Div. 365.)

ROLLINS v. SIDNEY B. BOWMAN CYCLE CO.

(Supreme Court, Appellate Division, First Department.    July 13, 1904.)

1. BAILMENT FOR REPAIR—BREACH OF CONTRACT—COMPENSATION.

Where plaintiff left his bicycle with defendant to be repaired under an agreement that it should be shipped to plaintiff, and the repairs charged to him, defendant, on refusal to ship the wheel until the repairs had been paid for, was not entitled to be paid for the repairs.

2. SAME—DISMISSAL OF COMPLAINT—APPEAL—NECESSITY OF REVERSAL—NOMINAL DAMAGES.

Plaintiff left his wheel with defendant to be repaired under an agreement that after it was repaired it should be shipped to a certain place. Defendant refused to ship the wheel without being paid for the repairs, and plaintiff brought suit for damages, in which defendant counterclaimed for the repairs, and for storage charges for the time it kept the wheel after the repairs were made.   The court dismissed plaintiff's case.   *Held* that, conceding that plaintiff was entitled to only nominal damages, the judgment of dismissal would nevertheless be reversed, since a judgment for nominal damages would establish plaintiff's right to recover the bicycle without the payment of repairs or storage charges.

3. SAME—MEASURE OF DAMAGES.

Plaintiff left his bicycle with defendant to be repaired under an agreement that, when finished, it should be shipped to him at a certain place, where he intended to go to begin a bicycle trip, and that the repairs should be charged to him.   Defendant afterward refused to ship the wheel unless the repairs were first paid for.   *Held*, that plaintiff's measure of damages was the difference between the price he was compelled to pay for a wheel to take the place of one wrongfully withheld by defendant and the value of such wheel after he returned.

4. APPEAL FROM JUDGMENT—NECESSITY OF MOTION FOR NEW TRIAL.

Under Code Civ. Proc. § 1346, providing for an appeal from a judgment, which can be taken from the judgment or upon the facts, such an appeal will bring up for review the judgment and all questions of law, including the rulings of the court during the course of the trial, and exceptions taken thereto, although no motion for a new trial is made, or order entered thereon.

Appeal from Trial Term, New York County.

Action by Jordan J. Rollins against the Sidney B. Bowman Cycle Company.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.

Richard T. Greene, for respondent.

HATCH, J.   The facts in this case are set out in detail in its consideration on a former appeal.  84 App. Div. 287, 82 N. Y. Supp. 781. They remain the same upon the present appeal, except so far as relates to the question of damages, to be hereafter noticed.   Upon the former appeal a majority of the court held that plaintiff was entitled to recover substantial damages, but refrained from laying down any precise rule for their measurement.   There was no difference of opinion upon the subject of a breach of the contract by the defendant.   The difference arose upon the question of damages; the

minority view being that, while there was a breach of the contract, only nominal damages had been established, and that the court would not reverse a judgment, even though an exception was properly taken, in order to permit the recovery of nominal damages. And such is the general rule. It is subject, however, to the exception that where it appears that a substantial right is in controversy, which may be defeated, prejudiced, or impaired by a dismissal of the complaint, and which may be saved by the recovery of judgment for a nominal sum, the judgment will be reversed when necessary to protect such right. Cases cited in the minority opinion establish this rule. The decision by this court upon the former appeal required the learned trial court to submit the case to the jury upon the question of damages, and the failure so to do was a disregard of the rule announced upon the former appeal. In any event, the court was required either to submit such question to the jury, or to direct a verdict in favor of plaintiff for nominal damages upon the proof as it stood. The defendant, in its answer to the complaint, averred by way of a counterclaim an indebtedness upon the part of the plaintiff for the value of certain work, labor, and services which it had bestowed upon the plaintiff's bicycle, amounting to the sum of $12; and it further averred a claim for storage at the rate of 25 cents a week from July 21, 1899, to the date of the trial of the action, which amounted, at the time when the complaint was dismissed, to something over $50. The contract established at the trial was an entire contract, and required the defendant not only to make the repairs upon the wheel, but also to ship it to Portland, Me., and this undertaking on its part it was bound to fulfill in order to entitle it to be paid for the cost of the repairs. As it was guilty of a breach of such contract, no obligation to pay for the repairs arose upon the part of the plaintiff, and thereafter the continued holding of the plaintiff's wheel was a wrongful holding, and out of such facts there could arise no legal claim to recover for the storage. As a judgment for nominal damages would have established the plaintiff's right in respect to these matters, and entitled him upon demand to the delivery of his wheel free of any charge, it is readily apparent that, in order to save such right, he becomes at least entitled to have such a judgment awarded. This case therefore falls within the exception above noted, and requires a reversal of this judgment. Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 39 N. E. 7.

We are also of opinion that the plaintiff's proof entitled him to a recovery of substantial damages. Upon the former appeal the evidence bearing upon this question, so far as it related to the new wheel which the plaintiff purchased at Portland, consisted of an offer to prove the cost of the bicycle purchased, and nothing more. Upon the last trial the plaintiff testified that he purchased the same kind of a bicycle as that which he had left with the defendant to repair, and offered to prove what he paid for the same. This was objected to as incompetent, immaterial, and irrelevant, and not affording a proper measure of damages, and the court sustained the objection. Plaintiff's counsel asked if it was upon the ground that the cost was no evidence of the value, and the court replied, "Upon the ground that

that is not the proper measure of damages." The purchase price of property, or what it realizes upon a sale, even under execution, is some evidence of its value. Montignani v. Crandall Co., 34 App. Div. 228, 54 N. Y. Supp. 517. It is not controlling, and the party who seeks to establish value is required to show what such value is, and what it sold for at a fair sale is some evidence. It is fair to presume that the plaintiff would have supplied such proof, had it not been for the announcement of the court that it was not proper—not because it was not evidence of value, but for the reason that it did not furnish the proper measure of damages—and thus the plaintiff was entirely prevented from pursuing this branch of the subject. In further pursuit of evidence bearing thereon, the plaintiff called a witness to testify as to the value of such wheel at secondhand in the city of New York after plaintiff returned from his trip in which he had used the bicycle. This testimony was also excluded, and to the ruling thereon the plaintiff excepted. We think this testimony was competent and should have been received. When the defendant made breach of its contract by refusing to ship plaintiff's wheel to Portland, it was informed of the purpose for which the plaintiff desired the wheel to use, and it was chargeable with knowledge that the plaintiff, in order to carry out the plan which involved the contemplated use of the wheel, would necessarily be compelled to supply himself with one in some other way. It is not suggested how he was able so to supply himself, except by purchasing a wheel. If this was the only way in which he could obtain it, it was a necessary condition produced by the defendant's breach of its contract. Plaintiff was not called upon to abandon his trip because the defendant did not fulfill its contract. We think, therefore, that he was authorized to supply himself with a wheel, and that the measure of damages under such circumstances would be such as naturally flow from the condition thus created. Plaintiff was entitled to supply himself with a wheel which would be as serviceable for the purpose intended as would have been the one in the possession of defendant, and was bound to obtain it as cheaply as possible. When he had finished with his trip, he was in possession of the wheel, and he was entitled to be placed in as good a condition as he would have been, had defendant fulfilled its contract. Such condition is measured by the value of the wheel which he purchased, less its value in reasonable use for the purpose intended when he returned with it to New York. Such sum would substantially measure the damage resulting from the breach. To such sum the plaintiff was entitled, unless the defendant overthrows the case which the plaintiff made.

It is said that plaintiff was bound to reduce the damages occasioned by the breach. And so he was. But such obligation did not require him to make a new contract with the defendant. He was not bound to acquiesce in the breach, pay the bill for repairs, and procure a delivery of his wheel. That did not go in reduction of damages for the breach, but would amount to a species of coercion upon the defendant's part to compel him to pay for the repairs and accept his wheel. He was under no obligation to yield to such demand, even though by yielding he might have diminished the damages. He was only

required to supply himself with what the defendant refused to deliver as cheaply as possible. His obligation extended no farther.

It is further said that no question is presented upon this appeal, for the reason that no motion was made for a new trial, or order entered thereon, in consequence of which no question is presented to this court. Section 1346 of the Code of Civil Procedure provides for an appeal from a judgment, which can be taken from the judgment or upon the facts. If no order is made for a new trial, the facts are not brought up, but the appeal from the judgment is, and with it come all questions of law which the case presents. This involves the rulings of the court during the course of the trial, and exceptions taken thereto. Boos v. World Mut. Life Ins. Co., 64 N. Y. 236; Third Ave. R. R. Co. v. Ebling, 100 N. Y. 98, 2 N. E. 878.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.