PORTER et al. v. DUVAL CO.

(Supreme Court, Appellate Term. June 30, 1908.)

1. BAILMENT—FAILURE TO DELIVER—EVIDENCE OF NEGLIGENCE.

Where a bailee of goods, though liable to the owner for their loss only in case of negligence, fails upon their being demanded to deliver them or account for their nondelivery, he is prima facie negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, § 124.]

2. WAREHOUSEMEN—DELAY IN DELIVERY OF GOODS—MEASURE OF DAMAGES.

In the absence of a special plea, where goods mislaid by a warehouseman have been finally delivered, the measure of the owner's damages is the difference in their value at the time and place they ought to have been delivered and at the time of their actual delivery, and, where their value has not changed, the judgment should be at most only for the interest and costs.

3. SAME.

The failure of a warehouseman to deliver stored goods on the day of demand does not make him a purchaser of the goods.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Albert W. Porter and another, copartners, against the Duval Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James A. & Richard T. Lynch, for appellant.
Kneeland, La Fetra & Glaze, for respondents.

MacLEAN, J. This judgment must be reversed for the adoption of an improper measure of damages. Some time in 1906 the plaintiffs shipped a case of underwear to one Fraser, in Utica, by the New York Central & Hudson River Railroad Company, which brought it back November 24, 1906, and on the same day notified the plaintiffs of its arrival, and on refusal of acceptance, being over the time limit, stored the case on November 30th with the defendant, a warehousing com-

pany. Over 10 months later, October 9, 1907, the plaintiffs, by their truckman, paid the defendant's bill (freight, storage, and charges), $7.61, and asked for the case. It was not delivered, because it could not be "located" in the warehouse. Other calls for the case followed, and there were conversations by telephone, in which, according to the testimony, the defendant was told it was important that the case should be located immediately. On October 14th the plaintiffs sent the defendant a bill as if the goods had been bought by them at the original invoice price, $99. On Monday, November 4th, the case was found, and notice of that fact given to the plaintiffs, who, however, did not send again. Matters rested thus until January 27, 1908, when this action was begun by the service of a summons, which was followed by a complaint, alleging:

"That defendant did not safely keep said goods, but wrongfully and negligently lost the same."

Whether or no the goods were lost, within the definition of the learned trial justice, they were found again, and might have been had any day within 5 months before the trial. They seem, even, to have been physically present in court. Negligence and damages were the issues joined in the pleadings, which were not amended, and whereof the complaint was framed to state a cause of action for breach of contract, and negligence was stated by the plaintiffs' counsel, who expressly disclaims any intention to sue in conversion. "The cases agree that where a bailee of goods, although liable to their owner for their loss only in case of negligence, fails nevertheless, upon their being demanded, to deliver them or account for such nondelivery, or, to use the language of Sutherland, J.: * * * Where 'there is a total default in delivering or accounting for the goods,' this is to be treated as prima facie evidence of negligence." Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467.

That rule was applied herein as if the failure of delivery on demand determined the relations between the parties finally, and as if the later production of the goods made no difference; and the court applied the rule, obtaining between forwarders and carriers, that on an entire failure to deliver the carrier is liable for the market price of the goods at the time and place of delivery. The purpose of the law is to make the owner whole in each case, and so, as has been held upon a further plea of special damage, the carrier has been constrained to pay further loss caused by its negligence. In the absence of a special plea, where the goods are finally delivered, the measure of damage is the difference in their value at the time and place the goods ought to have been delivered and at the time of their actual delivery. On the plaintiffs' testimony that the value of the goods at the day of the trial was the same as on the day they left for Utica, the judgment should have been, at most, for the interest and costs. Failure to deliver on the day of demand did not make the warehouseman a purchaser of the goods. If, when they were not delivered on demand, the goods were lost, as found by the learned trial justice, they were found before the trial, and the

defendant was entitled to credit for the property recovered. Jones v. Morgan, 90 N. Y. 4, 12, 43 Am. Rep. 131.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

<hr />