### HEYMAN v. STRYKER.

(Supreme Court, Appellate Term. March 10, 1910.)

CARRIERS (§ 91*)—CARRIAGE OF GOODS—DELIVERY TO CONSIGNEE—EXCUSE FOR FAILURE.

   Where plaintiff's goods, while in the possession of defendant, a common carrier, for transportation, were stolen, but part of them were found by the police and deposited with the property clerk, defendant was not thereby relieved of his obligation to deliver such part; he having an adequate right to recover them.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 342; Dec. Dig. § 91.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Louis Heyman against Iram H. Stryker, Jr. Judgment for defendant, and plaintiff appeals. Modified, and, as modified, affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Henry C. Burnstine, for appellant.
Morris S. Hirschberg, for respondent.

BIJUR, J. Plaintiff, a dealer in whiskies, delivered a case of whisky worth $20 and a barrel worth $94 to defendant, a public truckman, for delivery to a named consignee. That defendant was a common carrier has been decided upon the appeal from a judgment entered on a prior trial of this case. 116 N. Y. Supp. 638. The articles were stolen while in defendant's possession. The barrel of whisky, however, was recovered by the police and deposited with the property clerk.

The learned judge below held that, because of his duty to mitigate the damage, the plaintiff should recover this barrel from the police department. I am of the opinion, however, that defendant has not been relieved of his obligation to deliver these goods safely, and has an adequate right, under the circumstances, to recover possession of the goods. Plaintiff, therefore, is not bound to submit to defendant's refusal to carry out his contract, nor to reduce in the manner arbitrarily dictated by defendant the damage caused by the latter's continued breach. Rollins v. Bowman Cycle Co., 96 App. Div. 365, 89 N. Y. Supp. 289. See, also, Eten v. Luyster, 60 N. Y. 252. As all the facts necessary for a complete determination of the issues are concededly set forth in the agreed statement of facts, no purpose would be served by a new trial.

The judgment below, therefore, should be modified, by directing judgment for the whole amount of plaintiff's claim, namely, $114, plus $9.12, interest from October 1, 1907, to the date of submission, less the amount of defendant's conceded counterclaim of $35.23, plus $2.35, interest accrued on the date of the submission, plus additional interest on the balance from that date, February 24, 1909, until entry of this judgment, and, as modified, affirmed, with costs to appellant. All concur.