WILLSON v. FAXON, WILLIAMS & FAXON.

(Supreme Court, Appellate Division, Fourth Department.   May 4, 1910.)

1. DRUGGISTS (§ 9*)—LIABILITY OF PERSONS PURCHASING ARTICLES SOLD.

The liability of a druggist for injury to a person as for breach of contract for an article sold is the same as that of professional persons whose work requires special knowledge or skill, and he is not legally responsible for any unintentional consequential injury resulting from a lawful act when the failure to exercise proper care cannot be imputed to him, and a druggist was not liable for breach of contract to one who applied to the druggist's clerk for cascara segrada and received from the clerk a box of "Kascara Kathartics," who stated that they were cascara tablets, when in fact they were tablets containing one-fifth grain of calomel with senna and podophyllin, the use of which resulted in serious illness of the buyer's wife.

[Ed. Note.—For other cases, see Druggists, Cent. Dig. §§ 7, 8; Dec. Dig. § 9.*]

2. APPEAL AND ERROR (§ 1171*)—DISPOSITION OF CAUSE—REVERSAL FOR RECOVERY OF NOMINAL DAMAGES.

Where plaintiff sues for substantial damages an adverse judgment will not be reversed to enable him to recover nominal damages which are a mere incident to the chief claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4554; Dec. Dig. § 1171.*]

Appeal from Trial Term, Erie County.

Action by Porter J. Willson against Faxon, Williams & Faxon. Judgment of nonsuit, and plaintiff appeals.   Affirmed.

See, also, 122 N. Y. Supp. 778.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles Newton, for appellant.

Adolph Rebadow, for respondents.

SPRING, J.   The action is for breach of contract by the husband to recover for medical services paid and loss of society of his wife by reason of illness resulting from the taking of tablets sold to him by the defendant, a domestic corporation engaged in selling drugs and proprietary medicines in the city of Buffalo.

The proof of the plaintiff tends, to show that he applied to a clerk of the defendant for cascara segrada, a vegetable preparation, and the clerk sold him a box labeled "Kascara Kathartics," stating it was cascara, when in fact it was a combination of one-fifth grain of calomel with senna and podophyllin, which are vegetable extracts.   The plaintiff's wife took one of the tablets, which resulted in her serious illness.

I think the action for breach of warranty will not lie.   Beckwith v. Oatman, 43 Hun, 265; Allan v. State Steamship Co., 132 N. Y. 91, 30 N. E. 482, 15 L. R. A. 166, 28 Am. St. Rep. 556; Losee v. Buchanan, 51 N. Y. 476, 10 Am. Rep. 623; Brown v. Marshall, 47 Mich. 576, 11 N. W. 392, 41 Am. Rep. 728; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Allan v. Steamship Co., 132 N. Y. 91, 30 N. E. 482, 15 L. R. A. 166, 28 Am. St. Rep. 556, supra, the plaintiff asked of the defendant's physician on shipboard for five grains of quinine and was given calomel instead, which dose she took with serious results. She brought her action alleging that she relied upon the physician to give what she ordered and did not charge the defendant with negligence, and re-covered. The Court of Appeals reversed the judgment of affirmance, and, after reviewing the authorities determining the form of the action or nature of the responsibility of the defendant in actions of this kind, summed up its conclusion in this language:

"The rule of liability applicable to a druggist in cases of this character is the same as that which governs the liability of professional persons whose work requires special knowledge or skill, and a person is not legally respon-sible for any unintentional consequential injury resulting from a lawful act when the failure to exercise due and proper care cannot be imputed to him, and the burden of proving such lack of care, when the act is lawful, is upon the plaintiff."

The plaintiff claims he was entitled, in any event, to recover the sum he paid for the tablets, and the price stated on the label is 25 cents. That item is not made one of the charges in the complaint. The action is to recover substantial damages, and a new trial will not be ordered to enable the plaintiff to recover nominal damages and which are a mere incident to the chief claim. La Rue v. Smith, 153 N. Y. 428, 433, 47 N. E. 796; Stephens v. Wider, 32 N. Y. 351; Rambaut v. Irving Nat. Bank, 42 App. Div. 143, 58 N. Y. Supp. 1056.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.