BERT LEVY and SIDNEY OLCOTT, Respondents, *v.* WORLD FILM CORPORATION, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Conversion — action for, not maintainable when certain films are temporarily mislaid — when there can be no recovery on theory that action was one for breach of contract of bailment.

> Where the defendant in an action for the conversion of certain films delivered to him pursuant to a contract of bailment proves that their nonreturn to plaintiffs on demand was solely because they had been temporarily mislaid, the denial of a motion to dismiss the complaint is reversible error.
>
> Where upon plaintiffs' own showing the present value of the films which, upon being found, shortly before the action

was brought, were offered to plaintiffs, consisted solely in the expectation of future revenue therefrom, there can be no recovery on the theory that the action was one for a breach of the contract of bailment, and a judgment in favor of plaintiffs must be reversed and the complaint dismissed.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of the plaintiffs, entered upon the verdict of a jury.

Nathan Vidaver (I. Maurice Wormser, of counsel), for appellant.

O'Brien, Malevinsky & Driscoll (Arthur F. Driscoll, of counsel), for respondents.

BIJUR, J.   Plaintiffs allege that they were the owners of four negative films which pursuant to a contract they delivered to defendant to enable it to make positive films therefrom, defendant agreeing to return the negatives thereafter; that defendant after making the positive films " failed and refused " to return the negatives.

The defense was that the negative films had been mislaid or temporarily lost by some of the employees or agents of the defendant; that they had been found shortly before the action was commenced and had been offered to the plaintiffs.

There was no serious conflict of fact at the trial except possibly as to the present value of the films; but in the view which I take of the case that was quite immaterial.

The defendant, bailee, having proved that the films were not returned on demand solely because they had been temporarily mislaid, could not be held in conversion. *Wamsley* v. *Atlas S. S. Co.,* 168 N. Y. 533. Defendant's motion to dismiss the complaint on that

Appellate Term, First Department, March, 1919.    [Vol. 106.

ground should, therefore, have been granted. The refusal to charge defendant's request to the same effect is also reversible error.

It seems perfectly clear that the case was tried as one in conversion. The charge and plaintiffs' requests to charge indicate that both the judge and counsel for plaintiffs so understood. If, however, we accept plaintiffs' present contention that the action might be regarded as one for breach of bailment, there can be no recovery because there was no proof of damage. The films which had been temporarily lost were offered to plaintiffs as soon as they were found.

Upon this state of facts plaintiffs' only recovery can be for damages for the temporary detention caused by the delay. The case is analogous to that of a carrier who delays delivery, the measure of damage then being the difference between the value of the property at the agreed time of delivery and its value at the time of actual delivery (*Ward* v. *New York Central R. R. Co.,* 47 N. Y. 29); or if there be no such difference then in an appropriate case the value of the use of the property for the period during which the owner has been deprived of that use. *Porter* v. *Duval Co.,* 60 Misc. Rep. 122. In the instant case no attempt was made to prove any such damages, nor any claim to that effect advanced. Indeed, it was conceded that there was no such loss, the present value of the negative films being shown by plaintiffs themselves to consist solely in the expectation of revenue to be derived therefrom in the future.

Consequently, if the complaint be viewed as one in conversion it should have been dismissed because no conversion was proved. If viewed as one for breach of contract of bailment, nothing beyond nominal damages was proved, and since no right of the plaintiffs would be affected whether nominal damages were

awarded or not, the dismissal of the complaint would present no reversible error. *Rollins* v. *Bowman Cycle Co.,* 96 App. Div. 365, 367, 368; *Hopedale Elec. Co.* v. *Electric Storage Battery Co.,* 132 id. 348, 353.

Judgment reversed and complaint dismissed, with costs to appellant in both courts.

BIJUR and MULLAN, JJ., concur.

Judgment reversed, with costs to appellant.