S. W. BRIDGES & Co., INC., Appellant, *v.* CHARLES E. BARRY et al., Copartners under the Firm Name of HENRY W. PEABODY & COMPANY, Respondents.

Sales — contract for the sale and delivery of goods within a specified time — waiver — alleged extension, by purchaser, of time within which goods might be delivered — when question of waiver and of extension one of fact for a jury — erroneous dismissal of complaint.

1. Where there is a general unrestricted waiver as to the time fixed for the performance of a contract that condition ceases to be of the essence of the agreement. If one thereafter seeks to enforce the contract, delay is no defense, although in some cases it may be the basis for a counterclaim. Nor may one rescind because of such delay in the absence of demand and notice. Whether there has been such a general waiver may be a question of law. The facts may be clear and bear but one interpretation. More often a question of fact is involved.

2. Plaintiff agreed in writing to purchase and defendants to sell for export a specified quantity of condensed milk packed in cans by a designated manufacturer, shipments to be made during the month of October, 1919. Because of freight congestion, following the war, no shipments might be made until the freight agent at the point of shipment received a permit from the general operating commission functioning under the United States Railroad Administration. Thereafter a controversy arose whether it was the duty of plaintiff or defendant to obtain the permits, failure to do so having delayed shipments, defendant claiming it was the custom for the purchaser in such case to obtain them, which was denied by plaintiff. A question of waiver by plaintiff of delivery by sending permits also enters into the controversy, also the effect of certain correspondence between the parties. On the trial the case was submitted to the jury with instructions to determine whether the defendants were excused for their failure to make deliveries because plaintiff had failed to obtain permits, and also to determine the effect of the correspondence upon the question of extension of time for delivery. The jury found for the plaintiff. Thereafter the court, having reserved consideration of the motion to dismiss the complaint, granted this motion and judgment in favor of the defendants was entered accordingly. This

judgment has been affirmed. Since questions of fact are involved, the case is one for the jury and it was error to dispose of it as a question of law.

*Bridges & Co.* v. *Barry*, 206 App. Div. 689, reversed.

(Argued November 26, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 10, 1923, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.

*Robert E. Samuels* and *Harry J. Leffert* for appellant. Since the testimony was capable of different interpretations and since the case was tried and submitted to the jury upon the theory that the question of waiver was one of fact for its determination, it was error for the court to substitute its opinion for that of the jury and to hold as a matter of law that the respondents' defaults were waived and the time for performance indefinitely extended. (*Stein Co.* v. *Robertson*, 167 N. Y. 101, 106; *Ledon* v. *Havemeyer*, 121 N. Y. 179; *Brown* v. *Paterson*, 165 N. Y. 460, 466; *Goldenberg* v. *Cutler*, 189 App. Div. 489; *Cinque* v. *Cassani*, 43 App. Div. 383; *Gourd* v. *Healy*, 206 N. Y. 423; *Hammet* v. *Linneman*, 48 N. Y. 399; *Lord Const. Co.* v. *Edison P. C. Co.*, 234 N. Y. 412.)

*Schuyler M. Meyer* and *Louis Dean Speir* for respondents. The trial developed no real issues of fact; but one conclusion could be properly drawn from the testimony, and the complaint was properly dismissed on the merits. (*Griggs* v. *Renault Selling Branch, Inc.*, 179 App. Div. 845; *Brenner* v. *Greenberg & Greenberg, Inc.*, 183 N. Y. Supp. 22; *Ullman* v. *Mott Iron Works*, 187 App. Div. 699.)

ANDREWS, J. On September 31, 1919, the plaintiff agreed in writing to purchase and the defendants to sell 30,000 cases of condensed milk packed by Burdan

Brothers, who were manufacturers of the article at Potsdown, Penn., for export at $8.05 per case F. A. S. (free alongside ship), New York. Shipments were to be made from the factory " during October, 1919." Because of freight congestion at the time no shipments might be made until the freight agent at the point of shipment received a permit from the general operating commission functioning under the United States Railroad Administration. These were known as G. O. C. permits. They are not mentioned in the written contract between the parties but there is a dispute as to whether it was the duty of the plaintiff or of the defendants to procure them. The contract in the form of an order was inclosed in a letter from the plaintiff stating that it was applying for G. O. C. permits. These were sent on October 8th and by their terms expired on October 15th. Two thousand cases were shipped during that month. It may be that they came under these permits, although the number of them is different from the number of the permits mentioned in the shipping documents. On October 14th the defendants requested further permits. During the last half of the month because of a longshoreman's strike none seems to have been obtainable. At least no more were sent although on the 15th the plaintiff replied that it had applied for permits and hoped to obtain them in a few days. On the 20th the manufacturer wrote to the defendants that he would be obliged to curtail his production of milk because he could not obtain sugar. This letter was forwarded to the plaintiff. It replied that the fact as to the sugar did not relieve the defendants of responsibility under the contract, neither did the plaintiff's inability to obtain permits. In answer on October 23d the defendants wrote that they had been unable to make shipments because not furnished with permits and because also of a lack of freight cars and of the inability of the manufacturer to secure sugar. " It is understood, therefore, that you will accept delivery

of this contract after October, it being understood that this order will have a preference in Burdan Brothers factory and that shipment will be made as promptly as possible." On the 30th they again wrote that because of the lack of cars shipment might be considerably delayed but as soon as permits arrived they would ship as promptly as possible. On the 31st the plaintiff sent a permit for shipments to be sent to Philadelphia good from October 30th to November 8th, but made no direct acknowledgment of the last two letters. Apparently this change of destination was satisfactory, for on November 3d three thousand cases were shipped under the permit and received by the plaintiff.

On November 1st, therefore, the defendants had failed to comply with their contract. Twenty-eight thousand cases of milk were still undelivered. Their claim is that the plaintiff itself was in default because of its failure to furnish permits. The contract was made, they say, in view of an existing custom which required the purchaser of articles for export to obtain the permission of the general operating commission. The plaintiff denies that there was any such custom and this question having been submitted to the jury that body found for the latter. In view of the record this was a matter of fact for their determination. We think, however, that the plaintiff by sending new permits on the 31st waived the precise date of delivery, but the extent of this waiver is not so clear as to become a question of law.

Where there is a general unrestricted waiver as to the time fixed for the performance of a contract that condition ceases to be of the essence of the agreement. If one thereafter seeks to enforce the contract, delay is no defense, although in some cases it may be the basis for a counterclaim. Nor may one rescind because of such delay in the absence of demand and notice. Whether there has been such a general waiver may be a question of law. The facts may be clear and bear but one inter-

pretation. More often a question of fact is involved. So some extension may be admitted but the claim may be that it was limited or that it depended upon some condition that has not been performed. Here defendants wrote stating that there would be considerable delay but that they would make delivery as soon as possible. There is no answer but permits were sent expiring on November 8th. Was this intended as an assent to the defendants' proposition permitting the defendants to make delivery whenever they might be in a position to do so or was it a statement that deliveries might be made up to the date when the permit expired? We think this was a question of fact to be solved by the jury. If the latter was the meaning of the transaction the receipt of 3,000 cases early in November has no bearing on the question of waiver. Assuming that as a fact delivery was waived only until November 8th, we find that on the 11th the defendants wrote that the milk was ready for shipment but that the manufacturer had no permits and asking for them. This statement as to the milk was repeated on the 12th, and on the 17th two permits were sent, one expiring on the 25th, allowing shipments to Philadelphia, and one on December 1st, apparently allowing shipments to New York. Still no milk came and on November 25th the plaintiff requested an explanation. On December 1st a reply was received, stating that Burdan Brothers had refused to complete their contract with the defendants and apparently attempting to cast the burden of dealing with the manufacturer upon the plaintiff. Again we think that compliance with the letter of October 11th asking for permits especially in view of the statement that the milk was then ready for shipment created a question of fact as to whether there was any intention to give a general extension of time or only an extension limited to December 1st.

In answer to defendants' letter of December 1st, the plaintiff wrote on the same day stating that it had

nothing to do with Burdan Brothers and saying that deliveries were more than a month overdue and that its own customers were taking a firm attitude. " We would therefore ask you to give us a definite statement of the question of the delivery of the milk we have bought of you as we have already given you considerable leeway." To this letter no answer was made and some two weeks later this action was begun.

Assuming that the extensions heretofore given were limited to December 1st, this letter is far from compelling the conclusion that as a matter of law a further extension was granted. It might well be said to be merely an inquiry for definite information prior to some action on the part of the plaintiff. At least the defendants received all that they were entitled to if it were left to the jury to determine whether it was the intention to give a further extension or not.

The questions of fact in the case were submitted to the jury. They were 'told that they were to determine whether the defendants were excused for their failure to make deliveries because the plaintiff had failed to provide G. O. C. permits and the contention of the parties in this regard as to the one on whom the duty rested to furnish them was stated. They were also told to determine if there was an extension of time for the delivery after November 1st and if they found generally for the plaintiff they were to fix the damages and also to answer the specific question as to the day when the defendants might deliver under such extension. The jury did find for the plaintiff and fixed this day as December 1st. Thereafter the court having reserved consideration of the motion to dismiss the complaint granted this motion and judgment in favor of the defendants was entered accordingly. This judgment has been affirmed.

From the opinion of the trial judge we gather that he believed that the plaintiff's letter of December 1st constituted as a matter of law a further and general

extension of the time of delivery. In this as we have already intimated he was in error. At most a question of fact was involved which should be, as it was, submitted to the jury.

It being so, the question as to whether testimony tending to show waiver was admissible under the answer need not be considered. Upon a new trial it may not arise.

The judgments appealed from should be reversed and a new trial granted, with costs in all courts to abide the result.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGH-LIN and CRANE, JJ., concur.

Judgments reversed, etc.