MIDLAND LINSEED PRODUCTS COMPANY, Appellant, *v.* GEORGE I. VIALL and Another, Respondents.

Fourth Department, May 6, 1925.

Sales — action by seller to recover for breach of installment contract — buyer was to furnish shipping instructions — contract provided for last shipment in July — if shipments were not made as designated seller had option to carry goods at stipulated price per month — shipping instructions were not given and installments were not delivered on dates specified — clause in contract as to carrying charges prevented breach as to each installment on failure to furnish shipping instructions — if demands by seller in October to December were within reasonable time, breach then occurred — error to grant nonsuit.

In an action by a seller to recover damages for the breach of a contract of sale of linseed oil, which contract provided that delivery should be made in installments from January to July, and that the buyer was to furnish shipping instructions, but in the absence thereof the seller was to carry the oil on a carrying charge of one cent a gallon per month so long as it might be willing to carry the same, in which action it appears that shipping instructions were not given nor deliveries made according to the terms of the contract, that the market price was above that of the contract price until after the date specified for the last shipment, and that demands were made on the buyer during October, November and December for shipping directions, it was error for the court to grant defendant's motion for a nonsuit on the ground that the contract called for deliveries only on dates up to July thirty-first, and that no breach by non-acceptance occurred later than that time, and, therefore, no damages were shown to have arisen by the failure of the buyer to give shipping instructions, for the presence of the clause which gave the seller the option to carry the oil at one cent a gallon per month in case shipping instructions were not furnished, prevented the failure of the buyer to furnish shipping instructions from constituting a breach of the contract as to each installment and had the effect of extending the time of delivery for a reasonable time, and, therefore, if the demands made by the plaintiff in October, November and December were made within a reasonable time, the contract was then in force and a breach by non-acceptance then occurred; what would be a reasonable time under the circumstances presents a question of fact.

APPEAL by the plaintiff, Midland Linseed Products Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 18th day of January, 1924, upon the dismissal of the complaint at the close of the plaintiff's case.

*Nelson E. Spencer,* for the appellant.

*George A. Carnahan,* for the respondents.

SEARS, J.:

The plaintiff and defendants entered into a contract on November 5, 1919, for the sale by the plaintiff to the defendants of 150 barrels

of linseed oil.  The parts of the contract material to the matters considered in this opinion are as follows:

"The seller hereby sells and agrees to deliver, and the buyer hereby purchases and agrees to receive:

"150 barrels, containing about 50 gallons each, ($7\frac{1}{2}$ pounds in a gallon) of pure Linseed Oil, for shipment in quantities as follows:

| | | |
|---|---|---|
| 10 Bbls January | 30 Bbls May | — Bbls. September |
| 10 " February | 30 " June | — " October |
| 20 " March | 25 " July | — " November |
| 25 " April | — " August | — " December |

"For delivery from Seller's Warehouse

"Raw Linseed Oil at $1.55 cents per gallon, F. O. B. shipping station, freight allowed to Rochester, N. Y.   Special Oils at Seller's usual differences.   *   *   *

"Buyer to furnish specifications for shipment, in writing to seller's office at Minneapolis, Minn., in ample time to enable the seller to execute order within the period or periods above mentioned. The seller shall, under no circumstances, be in default hereunder in the absence of the giving of such written notice and specifications so as to be received by the seller at its Minneapolis office by the first of the month for any oil due and to be shipped during said month.

"In the absence of such specifications, a carrying charge is to accrue of 1c per gallon per month, or any part of a month, so long as seller shall be willing to carry same.   *   *   *"

The defendants took and paid for a total of 43 barrels at different times from February to July, 1920, but never furnished any specifications for the remaining 107 barrels.   The market price for linseed oil was above the contract price from the first of January until in August, 1920, when it began to fall, and finally reached eighty cents a gallon in December, 1920.   On October sixteenth the plaintiff wrote the defendants calling attention to the balance remaining undelivered on the contract, and on October twenty-first defendants replied suggesting that the plaintiff "cancel balance." Further request by the plaintiff that the defendants accept the oil was made in a letter dated November first.   On November twenty-fourth plaintiff, by letter, requested shipping directions, and on December fourteenth asked for reply by return mail.   On that date defendants caused a letter to be written by their attorney which may be construed as a repudiation of responsibility under the contract.

Upon these facts a motion for a nonsuit was granted on the

ground that the contract called for deliveries only on dates up to July thirty-first; that no breach by non-acceptance occurred later than that time; that damages under section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571), known as the Sales of Goods Act, must be computed as of the date when deliveries were to be made, and that, as no damages were shown to have been suffered on the basis of market prices up to July thirty-first, the plaintiff was not entitled to recover. While the facts even on the defendants' theory warranted a recovery of nominal damages, a judgment dismissing the complaint will not be reversed on that account. (*Throckmorton* v. *Evening Post Pub. Co.*, 35 App. Div. 396.)

If the clause in relation to the carrying charge had not been included in the contract, the failure on defendants' part to furnish specifications would have relieved the plaintiff from the obligation to tender the oil and breaches for non-acceptance of each installment would have been complete at the end of the respective months. (*Fuller & Co., Inc.*, v. *Jordan, Jr., Inc.*, 196 App. Div. 114; *Bernhan C. & M. Corp.* v. *Ship-A-Hoy, Ltd., Inc.*, 200 id. 399; *Sarachan & Rosenthal, Inc.*, v. *Wilson & Co.*, 207 id. 768; affd., 240 N. Y. 563.) However, effect must be given, if possible, to every phrase of the contract. (*Sattler* v. *Hallock*, 160 N. Y. 291; *Fleischman* v. *Furgueson*, 223 id. 235.)

The failure to furnish specifications by the terms of the contract did not necessarily result in non-acceptance, but, at the seller's option, might be treated as a postponement of the time of performance. This was to be the effect if plaintiff was willing to carry the oil. If within a reasonable time after a default in giving specifications the defendants had furnished specifications and demanded delivery, the plaintiff could not have refused to supply the oil if it had not previously given the defendants some notice of its unwillingness to carry the oil for future delivery. The defendants would have been entitled to assume that plaintiff was carrying the oil in accordance with the contract until they were advised to the contrary. Similarly (at least, in the absence of notice from the defendants that they did not intend to take the oil) the plaintiff was entitled to treat the failure to give specifications as simply postponing the time for acceptance. There was no waiver of the terms of the contract in a strict sense, but rather conduct which by the terms of the contract resulted in the time for performance becoming indefinite, and the obligations on both sides continuing for a reasonable time. The result is not unlike that occurring when there is a waiver. (*Bridges & Co.* v. *Barry*, 237 N. Y. 281.) If then the demands of the plaintiff upon the defendants in October, November and December were within a reasonable time, the con-

tract was then in force and a breach by non-acceptance then occurred. What would be a reasonable time under the circumstances presents a question of fact. It follows that the nonsuit was erroneous.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Hubbs, P. J., Clark, Davis and Crouch, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.